Miller v. The State of Florida.

JOHN MILLER, PLAINTIFF IN ERROR, VS. THE STATE OF FLO-
RIDA, DEFENDANT IN ERROR.

1. By the statute of this State there is no limitation of the time within
   which a party convicted of a crime may have a writ of error; and
   such a writ may be had after the actual execution of the judgment or
   sentence.

2. The term of imprisonment to the State prison commences with the day
   on which sentence is pronounced.

3. The statute provides for the discharge on bail of a prisoner under sen-
   tence upon the order of the judge granting a stay of proceedings and
   the allowance of a writ of error.

Writ of error from the Circuit Court of Madison county.

Attorney-General Cocke moved to dismiss the writ of error.

The grounds of the motion appear in the opinion of the
court.

RANDALL, C. J., delivered the opinion of the court.

The Attorney-General moves this court to dismiss the writ
of error in this case upon the ground that the writ was not
issued until after the prisoner, the plaintiff in error, was
actually confined in the State prison, in execution of the
sentence of the court. And the argument was, that the judg-
ment or sentence being in process of execution, the de-
fendant being actually confined in the State prison, it
would avail him nothing if the judgment were reversed,
there being no lawful means of relieving him from the confine-
ment, and he could not, therefore, be present at a new trial.
And in effect that the actual confinement in the State prison
in execution of the sentence was an actual limitation of the
time for procuring a writ of error. By the statute, there is
no specific limitation of the time within which this writ
must be obtained in criminal cases. Practically, if the sheriff
should, as he may, deliver the prisoner to the warden of the
State prison at the moment the sentence is pronounced by
the court, the rule contended for would utterly deprive him

of the benefit of the writ, and he would be subjected to all the ignominy and suffering incident to the conviction and confinement for an infamous offense, while the record and proceedings may show that he had not committed any offense whatever.

Should this court ascertain, upon a consideration of the case, that the prisoner was improperly convicted or improperly sentenced, we apprehend there would be no difficulty in the way of delivering him from further confinement in the State prison under such conviction; so that we do not think that there would be any practical obstacle, in that respect, to a new trial. And it has been held that the term of imprisonment under a sentence of the court, upon conviction, commences at the date of the sentence; (*ex parte* Myers, 44;) and, unless a different day be appointed for the commencement of the term of imprisonment, we do not see how it can be otherwise. So that, if the rule should be as contended for, it would in nearly every case deprive the prisoner of the benefit of the writ, for error can only be brought to the final sentence or judgment.

The statute has expressly provided that, in cases of this kind, if the prisoner shall, at the time of applying for the writ, be in custody under sentence of conviction, the allowance of the writ of error shall not discharge such party from custody, except by order of the court or the justice allowing the writ and granting a stay of proceedings. Laws of 1848, Chap. 138, § 5.

This clearly recognizes the right of the prisoner to have the writ at any time during his imprisonment under sentence.

The motion to dismiss is denied.