Robert H. Herring v. State.

181 So. 892.

Opinion Filed June 8, 1938.

*Van C. Swearingen,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—This cause is before us on petition to define the period of time which the defendant petitioner will be required to serve in the Florida State Prison.

The record shows petitioner was convicted of embezzlement in the Criminal Court of Record of Dade County and sentenced on the 29th day of July, 1937, to serve a period of one year in the State Prison. He sued out writ of error to the judgment, but did not give bail, and remained in custody under the judgment and sentence incarcerated in the county jail until the 11th day of April, 1938. Our mandate has gone down to the lower court and has been acted upon there. This Court has completed the exercise of its jurisdiction and the petition presented does not revest jurisdiction here. We cannot consider the petition as one for the writ of habeas corpus because there is no contention that petitioner is *now* unlawfully deprived of his liberty.

The petition will be denied without prejudice to the petitioner to institute proceedings in habeas corpus, if and when he may be advised that he is being unlawfully restrained of his liberty. See Miller v. State, 15 Fla. 575.

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.