JAMES BURNETT v. STATE.

198 So. 500
Division B
Opinion Filed November 5, 1940

690

*Douglas & Schad* and *Ira J. Carter, Jr.,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

WHITFIELD, P. J.—The indictment herein was filed in the Circuit Court for Levy County, May 8, 1939. It charges murder in the first degree to have been committed January 28, 1939. Verdict of guilty of murder in the first degree with recommendation to the mercy of the court was returned October 26, 1939. Judgment of conviction was rendered and sentence to life imprisonment was adjudged November 1, 1939. A writ of error to the judgment was issued January 15, 1940, returnable April 10, 1940. On September 26, 1940, the Attorney General moved "to dismiss the writ of error and all proceedings taken pursuant thereto," on the ground that "the proper method of obtaining a review by this Court of the judgment of conviction in a trial court on and after October 10, 1939, is by appeal rather than writ of error," citing Hart v. State, filed September 20, 1940.

Article V of the Florida Constitution vests the judicial power of the State in the Supreme Court and other courts; Section 1 confers upon the Supreme Court appellate jurisdiction of all criminal cases originating in the circuit courts, and power to issue stated common-law writs "and also all

writs necessary or proper to the complete exercise of its jurisdiction," Section 5.

Section 4, Declaration of Rights, Florida Constitution, provides:

"All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay."

The judicial power and jurisdiction of the Supreme Court exists under the Constitution; but the exercise thereof is invoked by common law or statutory methods.

At common law writs of error were issued by appellate courts to review final judgments of lower courts in common-law actions; civil and criminal.

Section 4618 (2908) C. G. L. provides:

"All writs of error shall be tested in the name of the Chief Justice of the Supreme Court and shall issue on demand as matter of right, from the office of the clerk of the appellate court or from that of the clerk of the court (or if there be no clerk, from the office of the judge) in which the judgment has been rendered, and shall be returnable to a day, either in term time or vacation more than thirty days and not more than ninety days from the date of the writ.

"But no writ of error shall be granted to the original plaintiff in any suit unless said plaintiff shall first pay all costs which may have accrued in and about the said suit up to the time when said writ of error shall be prayed.

"The writ of error shall be served by filing it in the court the judgment of which is complained of. (Feb. 10, 1832, Sec. 7; Feb. 12, 1836, Sec. 1; Ch. 5638, June 3, 1907, Sec. 1.)"

Writs of error, as used in this State, are issued in the name of the State of Florida to the judge of the lower court, commanding him to "distinctly and openly send" to the appellate court, by a stated return day, "the record and proceedings" under the seal of the court, in a stated cause wherein judgment has been rendered, "together with this writ." A writ of error, being a writ of the appellate court, should be filed in the lower court and then returned to the appellate court with the transcript of the record in the cause, which is required to be prepared, certified and transmitted to the appellate court by the clerk (or the judge) of the lower court. At common law a writ of error was regarded as a new action taken in the appellate court to have the judgment complained of reviewed. Formal service of process by *scire facias ad audiendum errores* was required to be duly served on the defendants in error. See Section 4624 (2914), C. G. L., dispensing with *scire facias* in *civil actions* brought to the Supreme Court by writ of error.

In chancery cases the method of appellate review is by an appeal sometimes designated as "entry of appeal" or "notice of appeal" or "notice of entry of appeal." It is a step in the cause and is a statement in writing filed in the court whose decree or order is sought to be reviewed by the higher court, giving notice of the entry of an appeal and of the return day. See Sections 4959 (3167), 4964 (3172), C. G. L., dispensing with service of citation and substituting a record of the appeal in chancery cases.

By statute "an appeal" instead of a writ of error, may be used as a method of appellate review in criminal as well as some law actions. Sec. 8663 (290), *et seq.,* 1940 Supp. to C. G. L.; Sec. 280, *et seq.,* Ch. 19554, Acts of 1939, the "Criminal Procedure Act;" Sec. 5966 (27), 1940 Supp. to C. G. L.; Ch. 17481, Sec. 27, Acts of 1935; Ch. 18413, Sec. 12, Acts of 1937.

In Hart v. State, filed September 20, 1940, this Court in effect adjudicated that Section 321 of Chapter 19554, Acts of 1939, Section 8663 (334) of the 1940 Permanent Supplement to C. G. L. "shall govern *the procedure* commenced or instituted" in criminal cases on or after October 10, 1939; and that Section 280 of Chapter 19554 abolishes writs of error as methods of review in criminal causes and expressly provides that on and after October 10, 1939, "only *method of reviewing* the proceedings in a prosecution by indictment or information shall be by appeal."

The result of the above decision is that pursuant to Chapter 19554, Acts of 1939, the Criminal Procedure Act of 1939, while under Section 321 of the Act the *procedure* in all criminal cases commenced or instituted" prior to October 10, 1939, shall be governed by the provisions of law then in force, yet on and after October 10, 1939, writs of error *as methods of review* in criminal causes are abolished, and *after October 10, 1939,* "the only *method of reviewing the* proceedings in a prosecution by indictment or information shall be by appeal."

Prior to the above decision in the Hart case on September 20, 1940, many members of the Bar assumed that under Section 321 of the above Criminal Procedure Act, "the procedure in all criminal cases commenced or instituted" prior to October 10, 1939, covered the "method of review" of the proceedings in a prosecution by indictment or information commenced or instituted before October 10, 1939, and in all criminal cases commenced or instituted prior to October 10, 1939, the method of reviewing the proceedings in a prosecution by indictment or information should be by writ of error under the statutes in force prior to October 10, 1939. As a consequence of the apparent ambiguity in the statute, writs of error as well as appeals were taken to

this Court in "criminal cases commenced or instituted" prior to October 10, 1939.

In view of the supposed ambiguity in Sections 280 and 321 of Chapter 19554, Acts of 1939, the Criminal Procedure Act, which supposed ambiguity was not removed and the provisions of the statute were not judicially interpreted until after the writ of error in this case was taken and the time for taking an appeal has expired, the "method of review" taken in good faith as a compliance with the statute and being procedural in its nature, should not be held to be wholly insufficient in law to invoke the jurisdiction of this Court over the *cause,* the State by the Attorney General having appeared generally by stipulation on file and in filing briefs on the merits of the cause before the motion to dismiss the writ of error was filed by the Attorney General after the decision in the Hart case interpreting the provisions of the statute.

The writ of error issued for this Court by the clerk of the trial court within the time fixed for an appeal by Section 288 of Chapter 19554, gives notice that an appellate review is applied for by the defendant below and the transcript of the record of the proceedings in the cause commanded by writ to be sent here was filed and further service of notice of process was waived by stipulation of the Attorney General and defendant's counsel.

The writ of error issued by the clerk of the trial court under the statute, tested in the name of the Chief Justice of this Court, is sufficient in law to serve, and has served, the purpose of invoking the appellate jurisdiction of this Court as effectually as a formal entry of appeal could have done. By stipulation and filing briefs on the merits of the cause by the Attorney General this Court has acquired appellate jurisdiction of the defendant in the cause. In order that justice may be done by considering the cause on its merits,

the writ of error under the circumstances of this case will be treated as an appeal duly taken, and the motion to dismiss is denied.

It is so ordered.

BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.