**CORNELIUS PURDY, alias BUCK PURDY, v. STATE OF FLORIDA.**

7 So. (2nd) 109                                En Banc
March 24, 1942

Archie Clement and J. C. Davant, for appellant.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellant, Cornelius Purdy, alias Buck Purdy, on March 27, 1941, was convicted of murder and sentenced to death by electrocution. On January 13, 1942, an appeal from said judgment and sentence entered in the Circuit Court of Duval County, Florida, was taken to the Supreme Court, and some nine months intervened between the date of the sentence and the time of taking an appeal therefrom.

On January 27, 1942, a motion to dismiss said appeal was filed in this Court on the ground that the appeal was not taken within the ninety day period as provided for by Section 288 of the Criminal Code Chapter 19554, Acts of 1939, Laws of Florida). It is contended by counsel for appellant that the provisions of Section 288 *supra* do not preclude or prohibit the appellant from taking an appeal at a time after the expiration of the ninety day period after the sentence is entered. Section 545 of Lewis' Statutory Construction is cited by counsel to sustain their position, along with Miller v. State, 15 Fla. 575; Collins v. State, 33 Fla. 429, 15 So. 214. We have carefully examined the authorities cited in light of the contention as made by counsel for appellant.

The Legislature had the power to enact the procedure Act and the time fixed by Section 288 thereof appears to be reasonable, and intended by the Legis-

lature to operate prospectively. Chapter 16302, Acts of 1933, Laws of Florida, reduced the time of suing out a writ of error in a criminal case to a period of six months from the date of entry of the judgment sought to be reversed, as provided for in civil cases. The Act was sustained by this Court in Lee v. State, 128 Fla. 319, 174 So. 589. We therefore hold that Section 288 of the Criminal Code, *supra,* requires the defendant in a criminal case to take an appeal within ninety days after the entry of a judgment and sentence, except that an appeal from both judgment and sentence shall be taken within ninety days after the sentence is entered.

It therefore follows that the appeal sought to be dismissed was not taken within ninety days after March 27, 1941, but nine months and seventeen days subsequent to the entry of the judgment and sentence sought to be reversed, and for this reason the motion to dismiss is hereby granted.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, JJ., concur.