## ARTHUR BELL v. STATE OF FLORIDA

18 So. (2nd) 361                                         January Term, 1944
June 9, 1944                                                      Division A

C. A. Avriett, for appellant.

J. Tom Watson, Attorney General, and John C. Wynn, Assistant Attorney General, for appellee.

CHAPMAN, J.:

The Circuit Court of Lafayette County, Florida, on January 12, 1944, adjudged the appellant, Arthur Bell, guilty of the crime of larceny of described hogs and sentenced him to serve a period of two years at hard labor in the State Prison for the said offense. On the same day the following notice of an appeal was filed in the office of the Clerk of the Circuit Court of Lafayette County, Florida:

"In The Circuit Court Third Judicial Circuit Lafayette County Florida.

"State of Florida
vs.
Arthur Bell

"The defendant Arthur Bell hereby takes and enters this his appeal to the Supreme Court of Florida and makes the same returnable on Mch. 10- 1944 at Tallahassee, Florida.

"This Jan. 12, 1944

C. A. Avriett
Appellant's Attorney.

"Received a true copy of this appeal this Jan. 12, 1944.

David Lanier
State Attorney
O. O. Edwards
Assistant State Atty."

On May 17, 1944, pursuant to the aforesaid notice, a transcript of the record of the trial and conviction of the appellant was lodged in this Court, and on May 29, 1944, a motion to dismiss the appeal was filed by the Attorney General.

The basis of the motion to dismiss is that the aforesaid notice of appeal fails to conform to the requirements of Sections 924.06 and 924.11, Fla. Stats. 1941 (F.S.A.). That the notice of appeal is defective in that it fails to particularize the final judgment or sentence to be here reviewed. Section 924.06, *supra,* provides that a defendant (in a criminal case) may take an appeal *only* from (1) a final judgment; and (2) an illegal or excessive sentence. The notice fails to name or designate the final judgment or sentence entered in the lower court sought to be reviewed.

It is our conclusion that the notice of appeal for these reasons is fatally defective and fails to confer jurisdiction on the Court and there is not a substantial compliance with the enumerated statutes. Section 924.09, Fla. Stats. 1941 (F.S.A.) limits the time of appeal to ninety days from the date of the entry of the final judgment. The date of the entry of the judgment was January 12, 1944, and the record lodged here on May 17, 1944.

Having reached the conclusion that the court is without jurisdiction of the controversy, it necessarily follows that the provisions of Subsection (a) of Rule No. 4 of this Court adopted December 17, 1941, is inapplicable and the motion to dismiss the appeal is properly before the Court.

The motion to dismiss the appeal is hereby granted.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.