Willie Wells, Odell Lowe and James Lowe were convicted of larceny and they appeal. On motion by the Attorney General to dismiss the appeal as to Willie Wells.
Appeal dismissed.
We have before us a motion to dismiss an appeal, filed by the Attorney General of Florida.
Willie Wells, Odell Lowe and James Lowe were tried in the Circuit Court of Hardee County for larceny. The jury returned a verdict of guilty against each of the defendants. The defendants filed a motion for new trial which was subsequently denied. On the day the order denying a new trial was entered the trial judge entered a final judgment and passed sentence on James Lowe and Odell Lowe. Later in the same day all defendants, by and through their attorney, filed a notice of appeal from the judgment and sentence. Seven days later the trial court proceeded to enter final judgment and pass sentence upon Willie Wells. No notice of appeal was ever filed thereafter by Willie Wells from the final judgment and sentence.
The attorney general has moved to dismiss the appeal as to Willie Wells on the ground that it was prematurely taken, the notice of appeal having been filed before the entry of judgment and sentence against him.
We have no other choice than to grant the motion to dismiss the appeal as to Willie Wells. Though the judicial power and jurisdiction of the Supreme Court exists under the Constitution the exercise thereof may be invoked only through specified common law or statutory methods. Burnett v. State, 144 Fla. 689,198 So. 500. Section 924.09, Florida Statutes, 1941, F.S.A., specifies the only method for taking appeals in criminal proceedings arising in the inferior courts. It prescribes that an appeal in a criminal proceeding may be taken by a defendant "only within ninety days after the judgment or sentence appealed from is entered, except that an appeal from both judgment and sentence may be taken within ninety days after the sentence is entered." Emphasis supplied. It is only by conformance with this statute that this court can acquire jurisdiction to hear the appeal of any defendant.
By the plain terms of section 924.09 the right of appeal does not accrue in criminal cases until after the entry of the judgment or judgment and sentence appealed from. At the time the defendant, through his attorney, filed his notice of appeal with the clerk of the court there was nothing to appeal from, because the judgment and sentence against the defendant were not entered until seven days later. *Page 465 
Under the circumstances the appeal was prematurely brought and must be dismissed because we have no jurisdiction to hear it. 4 C.J.S., Appeal and Error, § 461, pages 936, 937; 24 C.J.S., Criminal Law, § 1648, page 244; 3 Am.Jur. pp. 146, 307, Appeal and Error, Sections 428, 730.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.