69 So.2d 316 (1954)
DONIN et al.
v.
GOSS et al.
Supreme Court of Florida. Special Division B.
January 8, 1954.
*317 Nathanson, Oka & Spaet, Miami Beach, for appellants.
Dixon, DeJarnette & Bradford and Reginal L. Williams, Miami, for Barnett Goss and wife.
Aaron M. Kanner, Miami, and Daniel Neal Heller, Miami Beach, for Maxwell Co., Inc.
DREW, Justice.
Appellant, tenants under a written lease to a new apartment house owned by Barnett Goss and Pauline Goss, his wife, brought suit as plaintiffs against the owners and The Maxwell Co., Inc., for injuries to the wife occasioned by a Venetian blind falling on her when she was reclining on a bed in the apartment.
The Maxwell Co., Inc., was alleged to have installed the blind in a negligent manner. The negligence charged to the owners was that they "* * * knew or by the exercise of reasonable diligence could have known that the Venetian blind * * * was improperly erected and installed so as to create a dangerous condition * * * and failed to warn the plaintiffs of the dangerous condition * * * the dangerous condition was not open and obvious to the plaintiffs. * * * plaintiffs had no knowledge of the existence of the dangerous condition. * * * in the erection of said building and specifically the erection and installation of the Venetian blind aforesaid * * * [the owners] created a nuisance dangerous to any tenant occupying the said apartment and because of the dangerous condition inherent in the nuisance, the plaintiff [wife] suffered the injuries aforesaid."
The lower Court, on October 9, 1952, pursuant to motion to dismiss filed by The Maxwell Co., Inc., entered a final judgment which, inter alia, stated:
"Adjudged and ordered that the defendant's Motion to Dismiss be and the same is hereby granted, and the plaintiffs having indicated a desire not to replead, it is further
"Adjudged and ordered that Final Judgment be and the same is hereby entered in favor of the defendant, The Maxwell Co., Inc., a Florida corporation, and against the plaintiffs and that the defendant, The Maxwell Co., Inc., a Florida corporation, go hence without day."
The cause proceeded to a trial as to the owners. The evidence introduced by the plaintiffs showed without question that for ten months next prior to the injury, they had been in full possession and exclusive control of the leased apartment, and the record was devoid of any showing of fraud or concealment on the part of the landlord. Thereupon, at the conclusion of the plaintiffs' case, the lower court directed the jury to return a verdict in favor of the defendant owners. On February 25, 1953, final judgment was entered on that verdict. On March 26, 1953, plaintiffs filed notice of appeal from that judgment and also from the judgment entered on October 9, 1952 in favor of the The Maxwell Co., Inc.
*318 No motion was made in this Court to dismiss the appeal as to The Maxwell Co., Inc. However, a principle so well settled that no citation of authority is required, is that jurisdiction cannot be conferred on this Court by consent. Unless an appeal is taken within the prescribed time, this Court has no jurisdiction whatever. In situations of this kind where there is no question about the fact that the time for taking an appeal has expired, it is the duty of opposing counsel to bring such matter to the Court's attention. The appeal from the judgment of October 9, 1952 is dismissed ex mero motu.
The appeal as to the judgment in favor of appellees The Maxwell Co., Inc., is dismissed; and the judgment in favor of appellees Barnett Goss et ux. is affirmed.
ROBERTS, C.J., BUFORD, J., and PATTERSON, Associate Justice, concur.