PEARSON, TILLMAN, Chief Judge.
The State of Florida has moved to dismiss the appeal of Andrew J. Perez who filed a notice of appeal in propria persona from his conviction on the charge of receiving and concealing stolen property. The ground urged for the dismissal is that this court lacks jurisdiction because the notice of appeal was filed beyond the period within which jurisdiction could be preserved.[1] Appellant Perez has been an inmate of the Florida State Prison since March 20, 1962, having been sentenced on March 6th to six months to five years.
A recitation of events as they appear from the record in this court is necessary for an understanding of the problem presented by the motion. A certified copy of the notice of appeal by Andrew J. Perez was filed in this court on June 13, 1962, having been received by the clerk of the trial court on June 8, 1962. From this notice it appears that the judgment appealed was recorded on March 6, 1962. There was no motion for new trial and appellant was sentenced on that date. The ninety day period allowed for an appeal of this type to be taken thus ended on June 4, 1962.
On June 4, 1962, Perez “mailed” to the clerk of this court a letter upon prison stationery stating that on May 30, 1962, a notice of appeal was mailed to the clerk of the trial court. From certified exhibits attached to the State’s motion it appears that the envelope containing the notice of appeal is postmarked “Raiford, June 6, 1962”, and as heretofore noted it was not received by the clerk of the trial court until June 8, 1962.
Appellant has furnished us with the original of a letter from Perez to a prison administration officer. The letter is dated May 31, 1962, and states that Perez had that day “mailed” his notice of appeal. It further appears that all mail from prisoners must be handed unsealed to a custodial officer and that inmates have no access to a U. S. mailbox. By uncontroverted affidavit which was notarized by a prison official, appellant establishes that on May 31st a prison official marked “OK” and initialled the envelope containing the notice of appeal. This document had been given to a custodial officer on May 28th for processing. It thus appears that seven days before the last day for filing notice of appeal the appellant had done all that he could do to-perfect his appeal. We must emphasize that there is nothing to suggest, nor has *665 any inference been made, that the prison authorities or any other person wilfully acted to frustrate this appeal. See also Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453; Dowd v. U. S. ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, 217, 19 A.L.R.2d 784.
Two appellate rules must be considered in this case. Rule 6.4, Florida Appellate Rules, 31 F.S.A., provides in part: “An appeal may be taken only by filing with the clerk of the lower court a notice in writing * * (emphasis supplied). Rule 6.2, Florida Appellate Rules, 31 F.S.A., requires a criminal appeal to be taken within ninety days after judgment or sentence. Where an inmate of a State prison has with diligence and within the appeal period presented to prison authorities for mailing a proper notice of appeal and the notice is accepted by the proper authority and mailed after the last day for appeal, is such appeal timely? We answer in the affirmative and will deny the motion to dismiss.
Several cases decided in Florida bear either directly or indirectly on this appeal. In State ex rel. Diamond Berk Insurance Agency, Inc. v. Carroll, Fla.1958, 102 So.2d 129, the Supreme Court of Florida laid down the rule that the timely filing of a notice of appeal at the place required by the rules is essential to confer jurisdiction upon the appellate court. If this rule were to apply to the instant case, we would have to hold that regardless of the circumstances preventing Perez from getting his notice of appeal to the clerk of the trial court, we never acquired jurisdiction. However, it is our opinion that the rule in the case above cited was formulated to apply to a violation of the method prescribed by the rules and not to a frustration by prison authorities of the purpose of the rules. To hold otherwise would be to thwart the very essence of the intent of the appellate rules.
More recently in Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648, Justice Drew pointed out that, “In an unbroken line of decisions, we have held that we are without jurisdiction to entertain or decide a case brought before us on appeal taken more than sixty days after the rendition of the judgment appealed from.” Further on in the same paragraph is found the reason underlying the limiting of appeal time to a specified period: “The orderly administration of justice requires that there be an end to litigation.” Correctly considering this the basis of the rule, only blind adherence to language rather than intent would justify denying appellant Perez his right to appeal.
We recognize that in Bell v. State, 154 Fla. 505, 18 So.2d 361, the Supreme Court of Florida reached the conclusion that it was without jurisdiction where a notice of appeal from a conviction of larceny was fatally defective and there was not substantial compliance with the statutes. We think this case does not govern because here the notice of appeal was not defective and there was a substantial compliance with the rules made pursuant to statute. Likewise, in Wells v. State, Fla.1949, 38 So.2d 464, 465, where it was held that an appeal could be taken only after judgment or sentence, the court dealt not with substantial compliance but with a clear disregard of the statutory method of appeal. See also Burnett v. State, 144 Fla. 689, 198 So. 500.
The right to appeal is granted by Article V of the Constitution of the State, F.S.A. It follows that no state officer or agency may frustrate that right. State ex rel. Seay v. Mayo, 137 Fla. 871, 189 So. 26. We therefore hold that under the facts of this case where, within more than ample time to reach the clerk of the trial court in the normal process of the mail, there is delivered to the designated prison official a properly addressed and stamped envelope containing a legally sufficient notice of appeal (the only method provided for in an propria persona appeal for one confined to the state prison), this is “filing with the clerk of the lower court” in compliance with Rule 6.4, Florida Appellate Rules, 31 F.S.A. The motion to dismiss the appeal is denied.
It is so ordered.

. The ninety day jurisdictional period to perfect such an appeal is established by Rule 6.2, Florida Appellate Rules, 31 F.S.A., and § 924.09 Fla.Stat., F.S.A.