160 So.2d 518 (1964)
STATE of Florida ex rel. Richard W. ERVIN, Attorney General, Relator,
v.
Sherman N. SMITH, Jr., as Chief Judge, and A.O. Kanner, William P. Allen, George T. Shannon, and Jack F. White, as Judges, of the District Court of Appeal, Second District, State of Florida, Respondents.
No. 32843.
Supreme Court of Florida.
January 10, 1964.
Petition for Modification Denied February 12, 1964.
*519 Richard W. Ervin, Atty. Gen., James W. Kynes, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for relator.
No appearance for respondents.
Robert Luther Hooper, in pro. per.
THORNAL, Justice.
By an original proceeding in prohibition the relator seeks a rule absolute to prevent the respondents from assuming jurisdiction of an appeal in a criminal case.
We must decide whether the timely filing of a notice of appeal is an absolute appellate jurisdictional prerequisite.
On February 20, 1962, Robert L. Hooper was adjudged guilty of the crime of robbery. He was sentenced to a term in the State penitentiary. On May 22, 1962, 91 days after the conviction and sentence, a notice of appeal by Hooper, was received *520 through the mail and filed by the Clerk of the Trial Court. The notice was dated May 14, 1962. A copy of the notice was subsequently transmitted to the District Court of Appeal, Second District. The State, through the Attorney General, moved to dismiss the appeal as having been filed too late. On July 18, 1962, the District Court of Appeal granted the motion and dismissed Hooper's appeal. On September 7, 1962, Hooper petitioned this Court for a writ of certiorari to review the order of dismissal. The petition was dismissed by us, Hooper v. State, Fla., 152 So.2d 171. On June 17, 1963, Hooper's petition for writ of certiorari addressed to the Supreme Court of the United States was denied by that Court. 374 U.S. 847, 83 S.Ct. 1907, 10 L.Ed.2d 1067. In the meantime, on June 3, 1963, the District Court of Appeal sua sponte vacated its order of dismissal. It thereby reinstated Hooper's appeal which he had undertaken to institute by the notice filed on May 22, 1962. The District Court of Appeal has indicated its intention to proceed to consider the appeal on its merits.
The Attorney General has now instituted this original prohibition proceeding to prevent the District Court from exercising jurisdiction. It is contended here that the timely filing of the notice of appeal is an essential jurisdictional prerequsite. The relator contends that the respondents are without jurisdiction to proceed.
By their return to the rule nisi, the respondents suggest that their jurisdiction attached when Hooper, while incarcerated in the State prison, delivered his notice of appeal to a prison official for mailing with ample time for it to have reached the Clerk of the Trial Court. The respondents assert that the delay in delivery of the vital notice was occasioned by the neglect or oversight of the State's prison officials. Other factors are advanced but the crux of respondents' position simply is that the State should not be permitted to prevent the hearing of an appeal attempted by a State prisoner when delay in the filing of his notice was occasioned by the requirements of prison rules and the neglect or oversight of a prison official.
We have consistently held that the timely filing of the notice of appeal is a jurisdictional prerequisite to an appellate court's power to act. One who has been convicted in a trial court is entitled to have his conviction reviewed. Nevertheless, he is required to proceed in an orderly fashion in accordance with applicable statutes and rules. Sullivan v. Mayo, Fla., 121 So.2d 424. Although the law recognizes a right to appeal, this does not preclude the State from prescribing reasonable prerequisites to the exercise of the right. Customarily a time limitation is placed on the right to appeal. In Florida criminal cases this right must be exercised within 90 days from the time of judgment or sentence. Section 924.09, Florida Statutes, F.S.A.; Rule 6.2 F.A.R., 31 F.S.A. This is subject to the provisions of Rule 3.18 F.A.R. The appeal is initiated by the filing of the notice of appeal in the trial court within the prescribed 90 day period. This is an absolute essential jurisdictional requirement. If the requirement is not met the appellate court simply has no jurisdiction  no power  to act. Purdy v. State, 150 Fla. 172, 7 So.2d 109; Newsom v. State, Fla., 54 So.2d 58; Bell v. State, 154 Fla. 505, 18 So.2d 361; Lee v. State, 128 Fla. 319, 174 So. 589; Donin v. Goss, Fla., 69 So.2d 316.
Respondents, however, suggest that the restriction of the rule should be lifted in this instance. This is so, they assert, because the convicted man here was not responsible for the delay. The notice of appeal was not filed in time because of the neglect or refusal of the State prison officials to mail the notice within a reasonable time after the convict placed it in a State prison receptacle for outgoing mail. We interpolate that the record here merely reflects the claim of the prisoner that there was undue delay by the prison officials in posting his letter. We do not have available a judicial finding in this respect because no evidence has even been taken on the *521 subject. For purposes of the instant proceeding we have merely accepted the claim as factually correct.
Admittedly, our sense of justice is challenged by the claim of a prisoner who has been deprived of the right to have his conviction reviewed because of the alleged misprisions of his State prison custodians. If discretion were available, we would be inclined to investigate his claims and if found to be correct, grant relief. However, as we have said, the timely filing of a notice of appeal is jurisdictional and neither we nor the District Courts have any power to waive the requirement. As a consequence, we are bound to make the rule absolute and prohibit further consideration of the appeal on its merits.
The District Court of Appeal, Second District, in a measure, relied upon the decision of the District Court of Appeal, Third District, in Perez v. State, 143 So.2d 663. It is appropriate to note that the decision in Perez was never submitted to us for review.
In view of the interest of the prisoner Hooper, who has filed briefs in this cause, we consider it proper to suggest that he may not be entirely without remedy. In similar cases where a state's appellate process has been rendered unavailable by the improper conduct of a state functionary, the Supreme Court of the United States has granted federal habeas corpus in recognition of federal concerns that due process be observed. Cochran v. Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453; Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215. In view of the extremely unusual circumstances and the potential deprivation of due process inherent in the factual situation presented to us, our decision shall be without prejudice to the prisoner Hooper to apply to the respondent court for relief by way of habeas corpus. In such a proceeding he would have an opportunity to establish factually, his claim regarding the failure of the prison officials to mail his notice. Having done this he could then proceed to advance his claims of illegality of restraint. We do not overlook the established rule that habeas corpus is not available as a substitute for appeal. However, in the instant matter, and because of the exceptional circumstances, the orderly appellate remedy has apparently been rendered totally unavailable to the convicted prisoner by allegedly improper conduct of the State's own representative.
The prayer for a rule absolute in prohibition is granted. However, the formal issuance of the rule shall be withheld unless it becomes necessary to issue it.
It is so ordered.
DREW, C.J., and TERRELL, THOMAS and ROBERTS, JJ., concur.

ON PETITION FOR MODIFICATION
PER CURIAM.
The relator has requested that our opinion of January 10, 1964, be clarified by noting that the prisoner Robert L. Hooper is confined within the Second Appellate District of the State of Florida. Pursuant to this request we take note of the fact that the prisoner is incarcerated in the branch of the state prison located in Avon Park, Florida, which we judicially know is situated within the Second Appellate District of the State of Florida. In other respects the relator's petition for modification is denied.
The prisoner, Robert L. Hooper has requested that a formal rule absolute in prohibition be issued in order to establish finality to our judgment. While we do not deem it essential that a rule absolute be issued, nevertheless, in response to Hooper's request it is hereby directed that a rule absolute be and it is hereby issued pursuant to the prayer of the suggestion.
It is so ordered.
DREW, C.J., and THOMAS, ROBERTS, THORNAL and CALDWELL, JJ., concur.