PER CURIAM.
Appellant has appealed an adverse ruling ■entered in a Criminal Rule No. 1 F.S.A. ch. 924 Appendix, proceeding, and the State now moves to dismiss same on the ground that the notice of appeal was not timely filed.
The record discloses the following:
1. On the 6th day of August 1963 appellant James Hood, an inmate of the Florida State Prison at Raiford, executed his verified notice of appeal from an order entered on July 2, 1963 by the Circuit Court in Holmes County, Florida denying relief prayed for in his petition filed pursuant to Criminal Rule No. 1.
2. On the 27th day of August 1963, Robert L. McCrary, Jr., one of the Judges ■of the Fourteenth Judicial Circuit in and for Holmes County, Florida, entered an order containing the following material finding:
“THIS CAUSE coming on this day upon Affidavit of Insolvency, Motion for Appointment of Counsel to handle appeal, and Notice of Appeal filed herein on the 12th day of August, 1963 * * [Emphasis supplied.]
3.The certificate of the Clerk of the Circuit Court of Holmes County, Florida, reflects that the notice of appeal was filed in his office on the 9th day of December 1963.
The State now insists that: “Upon the face of the notice of appeal, it conclusively appears that no less than one hundred fifty nine (159) days have transpired, which is obviously in excess of the period mentioned above.”
We cannot avoid the inescapable fact that the record in this cause reflects that the notice of appeal was filed on August 12, 1963, because the Circuit Judge said that such was the case, and the fact that the filing date was stamped by the Clerk some several months later does not alter the fact that said notice of appeal had been previously filed. To hold otherwise would be to disregard the Circuit Judge’s finding and accept the Clerk’s notation of the filing date as being the only date available for consideration.
The Supreme Court’s recent decision in State ex rel. Ervin v. Smith [1] has stated the applicable rule as follows:
“We have consistently held that the timely filing of the notice of appeal is a jurisdictional prerequisite to an appellate court’s power to act. * * * Customarily a time limitation is placed on the right to appeal. In Florida criminal cases this right must be exercised within 90 days from the time of judgment or sentence. Section 924.09, Florida Statutes, F.S.A.; Rule 6.2 *895 F.A.R., 31 F.S.A. This is subject to the provisions of Rule 3.18 F.A.R. The appeal is initiated by the filing of the notice of appeal in the trial court within the prescribed 90 day period. This is an absolute essential jurisdictional requirement. If the requirement is not met the appellate court simply has no jurisdiction — no power — to act. Purdy v. State, 150 Fla. 172, 7 So.2d 109; Newsom v. State, Fla., 54 So.2d 58; Bell v. State, 154 Fla. 505, 18 So.2d 361; Lee v. State, 128 Fla. 319, 174 So. 589; Donin v. Goss, Fla., 69 So.2d 316.”
The appeal is initiated by the filing of the notice of appeal and not by the ministerial action of the clerk stamping a filing date thereon. Where the record discloses, as is present in the instant cause, that the notice of appeal was timely filed, the mere fact that the recording date was later placed thereon by the Clerk will not defeat the jurisdiction of this Court.
The motion to dismiss is denied.
STURGIS, C. J., and WIGGINTON and RAWLS, JT., concur.

. State ex rel. Ervin v. Smith, 160 So.2d 518, 520 (Fla.1964).