ALLEN, Judge.
This cause occurs upon a petition for writ of habeas corpus filed by petitioner after this court was prohibited from entertaining an appeal from a conviction and sentence under which petitioner is presently incarcerated. State ex rel. Ervin v. Smith, Fla.1964, 160 So.2d 518. Upon receipt of the petition we issued the writ and a return thereto was filed, denying or disclaiming knowledge of the facts alleged in the petition and contesting the propriety of the writ under the circumstances of the case. We rejected the latter contention upon authority of Dora v. Cochran, Fla.1962, 138 So.2d 508, and designated Honorable J. H. Willson, a Judge of the Tenth Judicial Circuit, as a Commissioner to make determinations of fact and appropriate recommendations with respect to the allegations- and prayer of the petition. The cause recurs now ttpon the excellent report and recommendations of Judge Willson.
An extended discussion of the facts of this cause is unnecessary, the crux of petitioner’s claim having been indicated instate v. Smith, supra. Suffice to say that Judge Willson, after full hearing and consideration of briefs submitted by the State and counsel for petitioner, determined that petitioner had been denied the equal protection of the law guaranteed him by the Federal Constitution and recommended that petitioner be discharged from further custody under the sentence of the Criminal Court of Record of Hillsborough County-We deem it appropriate to quote a portion of Judge Willson’s conclusions of law:
“The Supreme Court of this state in State ex rel Ervin v. Smith, et al., 160 So.2d 518, indicated that petitioner might seek relief by way of habeas corpus, on the basis he has been denied due process through the improper conduct of the state’s functionaries, which deprived him of his right to an appellate review of his case. While this-does not constitute a decision on the question posed, it is a recognition that a substantial question has been raised by petitioner.
“In Cochran v. Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453, and Dowd. v. U. S., 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, the Court held that the action of prison officials in preventing a prisoner in sending out appeal documents, until the time for appeal had', expired, was a denial of the equal protection of the law under the Federal Constitution, and in the latter case the-Court also held that on habeas corpus-by one denied this right he should be-discharged, unless the State affords him' a full appellate review. * * *
“Since State v. Smith, supra, precludes any appellate review of petition *771 ■er’s conviction and sentence, he should be released from imprisonment.”
Upon consideration of the record, Judge Willson’s excellent report and all relevant authorities, we accept and adopt our Commissioner’s findings of fact, findings of law and recommendation. Accordingly, petitioner Hooper is discharged from custody under the sentence of the Criminal Court •of Record of Hillsborough County entered •on February 20, 1962, but remanded to respondent’s custody for continued service of the sentence of the Criminal Court of Record of Dade County entered on September 22, 1961.
SMITH, C. J., and SHANNON, J., concur.