203 So.2d 676 (1967)
Eddie MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. J-267.
District Court of Appeal of Florida. First District.
November 9, 1967.
*677 Eddie Mitchell, in pro. per.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.

ON MOTION TO QUASH
SPECTOR, Judge.
The State has filed a motion to quash this appeal whereby appellant seeks reversal of the Circuit Court's order denying appellant's motion to vacate judgment and sentence filed by him pursuant to Criminal Procedure Rule One, F.S.A. Chapter 924, Appendix. The order appealed is grounded on the trial court's finding that the motion was successive and asserted grounds earlier decided upon adversely to this appellant by a prior motion to vacate. In its motion to quash, the State alleges that appellant had also filed a petition for writ of habeas corpus as an original proceeding in the Florida Supreme Court and a habeas corpus proceeding in the United States District Court of Florida. All of these proceedings by which appellant sought to be released were predicated on virtually the same grounds as is the instant motion to vacate. Inspection of such earlier pleadings shows that the trial judge correctly ruled the instant motion to be successive and without merit.
Appellant's brief in opposition to the State's motion to quash stresses the ground asserted in his postconviction motion predicated on the State's failure to comply with the provisions of Section 932.38, Florida Statutes, F.S.A., requiring notification to the parents of an unmarried minor of charges pending against him. However, that same ground was earlier asserted as the basis for postconviction relief by this appellant in a petition for writ of habeas corpus referred to above which was denied. Under the principles announced by the Court in Whitney v. State, 184 So.2d 207 (Fla.App.3d 1966), cert. denied 192 So.2d 490, that ground having earlier been decided adverse to the appellant cannot again be considered by this Court since the principles of res judicata prevent the same issues being raised in subsequent proceedings. See also this Court's recent opinion in Blunt v. State, 203 So.2d 49, opinion filed October 12, 1967.
It is the Court's opinion that not only did the trial judge correctly enter the order appealed from, but also the record sustains the State's contention that this appeal is frivolous since the same contentions raised by appellant's second motion under Criminal Procedure Rule One have earlier been decided adversely to him in a prior Rule One proceeding and in two separate habeas corpus *678 proceedings before the State Supreme Court and the Federal District Court.
The motion to quash this appeal is granted and the same is dismissed.
WIGGINTON, C.J., and CARROLL, DONALD K., J., concur.