SPECTOR, Judge.
This is an original habeas corpus action by which petitioner seeks to be afforded a belated appeal under the rule of Hollingshead v. Wainwright, Fla., 194 So.2d 577.
In 1965, petitioner was charged with murder in the second degree by shooting one Leonidas G. York with a pistol. After a jury trial in Bay County, Florida, petitioner was convicted of a lesser crime, manslaughter, and sentenced to serve fifteen years in prison. Mapp was represented at the trial by Honorable W. Fred Turner, a distinguished criminal lawyer in that community.
The judgment and sentence herein was entered on December 20, 1965. The time for filing a notice of appeal under the stat *432 utes and rules of court then in force was March 20, 1965, which date being a Sunday automatically extended the crucial date to Monday, March 21, 1966. After the date of sentencing, petitioner was delivered to the state prison where he began serving the term imposed. By his petition, he avers that he tendered his notice of appeal and collateral papers to the appropriate prison official on Thursday, March 17, 1966. To his petition there has been appended a certificate of a prison official to support Mapp’s averment that the appeals papers were mailed on March 21, 1966, to the clerk of the trial court. As noted above, the said notice was required to be filed, not merely mailed for filing, on or before Monday, March 21, 1966, after the defendant was given credit for the extra day because of Sunday.
Petitioner contends that the prison officials should have mailed his notice of appeal instantly upon tender on Thursday, the 17th, and argues that the mailing thereof on Monday, the 21st, constitutes state action by which his right to appeal was thwarted. It is because of such alleged thwartation that petitioner claims the right to have his conviction considered by this court within the framework of a full appellate review.
In State ex rel. Ervin v. Smith, 160 So.2d 518, our Supreme Court was confronted with a case wherein a state prisoner had delivered his notice of appeal to a prison official for mailing with ample time for it to have reached the clerk of the trial court, but the same was filed in the clerk’s office on May 22, 1962, one day late although it was dated May 14, 1962. There the court held that the filing of timely -notice was jurisdictional after noting that the right to appellate review is subject to the requirement that the appellant must proceed in an orderly fashion in accordance with the applicable statute and rules. In Smith, supra, as in the instant case, it was argued that the state prevented the hearing of the appeal attempted by the state prisoner by the requirement of prison rules and the neglect or oversight of a prison official. There, the prisoner delivered his notice of appeal to the prison officials for processing seven days before it was required to be filed. Here, it was delivered by the petitioner only four days before it was due to be filed, the last two of which were Saturday and Sunday. In Smith, the court held that the delay there involved constituted such an unusual circumstance as to be tantamount to improper conduct on the part of the State’s representative so as to justify review of the prisoner’s claim of illegal restraint within a broader context than is ordinarily cognizable in a habeas corpus action.
Since the Supreme Court’s decision in the Smith case, the tendency has been to allow belated appeals to indigent prisoners with greater liberality than was earlier permitted. See Hollingshead v. Wainwright, Fla., 194 So.2d 577, and its ever increasing progeny. Such belated appeals cases however are predicated on the concept that a timely appeal was precluded by reason of some act or failure to act on the part of a responsible state functionary who had an affirmative duty under the circumstances to act or not to act with respect to the facilitation of an indigent defendant’s right to appeal. Here, no such showing has been made. The petitioner waited until the waning days of a lengthy 90-day appeal period (which has since been reduced to 30 days) before initiating his appeal. He certainly was charged with the knowledge that the processing of the papers by prison authorities was a time consuming affair and that in addition to the time necessarily consumed in the censoring of the papers by the security officers, further time would be required to notarize the documents. Added to this, petitioner was charged with the knowledge that placing the papers in the custody of the post office and delivery from the site of the prison to the County Seat of Bay County, where he was tried, and delivery here to the office of the clerk of the trial court would also be time consuming. Viewed in this light, a serious question arises as to whether peti *433 tioner’s appeal was lost because of the conduct of the state’s functionaries or was it lost by petitioner’s own lack of diligence in initiating the process sooner to allow ample time for the papers to reach the clerk’s office. The time period between petitioner’s initiation of the appeal process and mailing, four days in all, is not an experience visited upon an indigent person alone. Many is the case which goes by the way without resort to an appeal because an attorney’s secretary was unavailable at the eleventh hour to type up a notice of appeal or because the letter containing the notice of appeal was inadvertently not mailed until after a weekend rather than before as seems to have been the case here. Such mishaps are experienced in civil as well as criminal cases, and the misfortune of having waited too long to appeal is experienced by rich and poor alike.
We recognize that circumstances may arise from which the court might infer from the time factors that the state’s functionaries might be the cause of delay resulting in late filing of a notice of appeal. Such circumstances are not present here however. The petitioner’s failure to initiate his appeal prior to the final moments within which same was required to be perfected seems to be the author of his predicament — not any overt state action.
Accordingly, we hold that petitioner has failed to make out a case coming within the meaning of the rules articulated by the Supreme Court in either State ex rel. Ervin v. Smith, supra, or Hollingshead v. Wainwright, supra, so as to justify this court to review his case as if it were on direct appeal.
There is yet another reason for denying petitioner the relief he seeks. The supplemental response to our rule to show cause filed by the respondent reflects that petitioner escaped custody on October 13, 1966, and was returned to custody May 31, 1967. Thereafter, on November 6, 1967, petitioner instituted a post-conviction proceeding under Criminal Procedure Rule 1 by which he sought the vacating and setting aside of the judgment and sentence thereon that he is serving; and as grounds for said motion, petitioner asserted grounds similar to those urged in the instant petition as those which he presently urges for reversal. Generally, these were that he was not afforded effective assistance of counsel at the trial; that counsel failed to adequately prepare for trial and failed to summon witnesses in defendant’s behalf; that evidence used at the trial was illegally obtained when petitioner’s home was tear gassed without a search warrant; and that instructions given the jury by the trial court prejudicially focused that body’s attention on defendant’s past criminal records. The grounds as aforesaid were urged as grounds for a new trial in language which was largely conclusory as is the case with the grounds for relief urged in the instant petition.
While petitioner’s Rule 1 motion was pending, he escaped from custody a second time on January 9, 1968. The motion was denied on March 21, 1968. Thereafter, petitioner was returned to custody on June 3, 1968, having been convicted of interstate transportation of a stolen motor vehicle by federal authorities in. Louisiana and sentenced to serve three years in the custody of Florida authorities. By the time petitioner was returned to custody on June 3, 1968, the order denying his Rule 1 motion had become final since no appeal had been taken to review it while petitioner was at large on his second escape.
Since, as we have pointed out above, the grounds urged for reversal in the instant petition are generally included in those which were asserted by petitioner in his Rule 1 proceeding, the order of denial of the latter motion is res judicata as to the issues raised in the instant petition. Mitchell v. State, 203 So.2d 676 (Fla.App.1967). Unfortunately, the alleged errors which petitioner seeks to have reviewed by a full appellate proceeding in the manner permitted by the Hollingshead doctrine were decided with finality adverse to peti *434 tioner while he was at large after his second escape.
The rule to show cause heretofore issued is discharged and the petition for writ of habeas corpus is denied.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.