PIERCE, Chief Judge.
Appellant Gerald J. May appeals to this Court from an order denying his motion to vacate a previous judgment and sentence entered against him.
On April 28, 1969, indictment was returned into the Lee County Circuit Court *25 charging Lee with the offense of rape. On October 21, 1969, he entered a plea of guilty to assault with intent to commit rape, which plea was accepted by the Court. He was thereupon adjudged guilty of said offense and sentenced to serve a period of twenty years in the State Prison. On February 3, 1970, a little over three months thereafter, he filed a motion under CrPR 1.8S0, 33 F.S.A., to vacate said judgment and sentence, which the trial Court denied. Said order of denial was appealed to this 2nd District Court, and on November 13, 1970, the order appealed from was affirmed, 240 So.2d 872.
On December 14, 1970, just one month later, he filed his second motion to vacate the judgment and sentence which motion, on March 2, 1971, was denied by the trial Court. He has now appealed this second order of denial to this Court.
The thrust of his current motion for relief filed in the trial Court is that he was not fully advised of all of his constitutional rights at the time he pleaded guilty as aforesaid, such as his right to be confronted by his accusers, informed as to the maximum penalty of the charge, and generally that he did not knowingly understandably and voluntarily enter his guilty plea.
However, we note that in his previous motion for relief under CrPR 1.850, which was affirmed by this Court (of which case we take judicial notice inasmuch as it is a part of the records of this Court), this identical point was directly raised, fully argued, and squarely disposed of adversely to the appellant. CrPR 1.850 provides inter alia that “The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.” Under this quoted provision, the trial Court properly denied the second motion for relief which is the subject matter of the instant appeal. See Marshall v. State, Fla.App. 1969, 224 So.2d 723; Riley v. State, Fla.App.1968, 214 So.2d 766; Mitchell v. State, Fla.App. 1967, 203 So.2d 676, cert. den. 392 U.S. 913, 88 S.Ct. 2073, 20 L.Ed.2d 1371; Mapp v. State, Fla.App. 1969, 224 So.2d 431.
The order appealed from is therefore—
Affirmed.
HOBSON and MANN, JJ., concur.