ON MOTION TO DISMISS
PER CURIAM.
 This matter is before us on a motion of the State to dismiss the appeal on the ground that notice of appeal was not filed with the Clerk of the trial court within 30 days from the date of the judgment sought to be appealed. It appears that the defendant in the trial court signed and swore to his notice of appeal on January 17, 1972, or 28 days after the date said judgment was rendered, which was a sufficient time for said notice of appeal to have been properly filed with said Clerk within the required time; and that the failure of said notice of appeal to be filed with said Clerk within the 30-day jurisdictional period is not otherwise explained in the record. This District Court has no power to waive the requirement of the 30-day jurisdictional period and the appeal must be dismissed. In view of the unusual circumstances of this case and the potential deprivation of due process inherent in the factual situation presented to us, our decision shall be with *549 out prejudice to the prisoner, Charles Duncan, to apply to this court for relief by way of habeas corpus, in which proceeding he would have an opportunity to establish factually his claim concerning any failure of the prison officials to transmit his notice of appeal more promptly; and that having done so he could then proceed to advance his claims of illegality of restraint. See State ex rel. Ervin v. Smith, Fla.1964, 160 So.2d 518.
It is so ordered.
PIERCE, C. J., and LILES and HOB-SON, JJ., concur.