ERVIN, Justice
(dissenting) :
The facts in this case merit special attention.
Following petitioner’s conviction, the Public Defender’s office of the Eleventh Judicial Circuit Court located in Miami, Dade County, Florida, was appointed to represent petitioner on appeal, and notice of appeal to the District Court of Appeal, Third District, was timely filed. Petitioner was subsequently transferred from the Dade County Jail to the State Prison Reception and Medical Center at Lake Butler Florida, and then to the Glades Correctional Institution at Belle Glade, Florida, after which he wrote to his counsel on appeal and the Clerk of the Third District Court, advising them of his address changes and requesting prompt notice upon disposition of his pending appeal.
In the meantime, petitioner filed petition for writ of habeas corpus in the U. S. District Court for the Southern District of Florida seeking bail while his case was on appeal in the Florida courts. Thereafter the state filed a reply alleging that no appeal was pending in any state court, and therefore petitioner was not entitled to *353 bail. Upon learning this on September 24, 1973, some 32 days after expiration of the 30-day period provided by Rule 4.5, subd. c, F.A.R., for filing a petition for writ of certiorari with this Court, petitioner immediately telephoned the Public Defender’s office in Miami and was then advised for the first time that the District Court had affirmed his conviction. On September 28, 1973, petitioner received by mail a copy of the District Court opinion dated July 24, 1973, affirming per curiam his conviction. Since the return filed by the state does not controvert petitioner’s factual allegations in his petition as above related, they can be presumed correct.
The state in its return and the majority in its opinion address themselves to the issue of petitioner’s right to counsel on review by this Court. A careful reading of the petition shows none is sought. Rather, petitioner seeks by habeas corpus reinstatement of the time to file a petition for writ of certiorari and waiver of filing costs as an indigent.
I cannot agree with the majority that petitioner here seeks to have his petition treated as one for certiorari. He does not, in fact, allege conflict nor rely on the record proper in order to invoke our jurisdiction to issue writs of certiorari. Instead, he seeks by habeas corpus the restoration of the opportunity to file for review by certiorari after expiration of the time provided by the rule.
The reasoning of the majority ignores the exceptional circumstances herein. I would grant petitioner the opportunity to have his petition for certiorari considered by this Court, which has been effectively denied him by circumstances beyond his control. I note especially the similar prejudice worked upon one Robert Hooper in State ex rel. Ervin v. Smith, 160 So.2d 518 (Fla. 1964), wherein we denied an appeal which was untimely because of neglect or refusal of state prison officials to mail a notice of appeal within a reasonable time after the prisoner placed it in a prison mail receptacle. Therein we encouraged the prisoner to petition for habeas corpus setting forth the failure of prison officials to timely mail his notice. Petitioner in the instant case has suffered similar misfortune attributable to others than himself who were, as in Smith, employees of the state, and therefore I would grant the relief sought.
.We adopted Rule 4.5, subd. c pursuant to our constitutional rule-making power to provide a route for review which is not only discretionary with this Court subject to the constitutional limitations imposed thereon, but also discretionary with the party seeking review. It was intended that such a party have the opportunity to file a petition for writ of certiorari within the provisions of the rule if he so elected. In this case no such discretion was exercised by the petitioner because he had no opportunity to petition this Court within the time provided by the rule, although he clearly expressed to his counsel and to the District Court the desire to be promptly notified regarding the outcome of his appeal for that very purpose.
The majority opinion and the citations therein completely beg the essential issue presented and are completely extraneous to the hardship considerations petitioner submits for the decent exercise of our conscience and discretion.
Accordingly, I would grant petitioner’s writ of habeas corpus seeking leave within a short period of time fixed by us in which he may file a petition for writ of certiorari and, recognizing his indigency, also waive the costs of filing such petition. I would emphasize that so doing should not be construed as passing on the merits of petitioner’s cause sounding in certiorari if and when presented to the Court.
McCAIN, J., concurs.