SHARP, W., J.
Washington appeals from an order dismissing his petition for a writ of habeas corpus, which raises for the fifth time the issue of whether the trial court erred in permitting him to represent himself in his criminal trial that resulted in his conviction for arson of a dwelling,[1] and burglary of a dwelling.[2] We affirm.
After his conviction and sentencing for these crimes, Washington raised this issue in his direct appeal. We affirmed, citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (defendant who elects to represent himself cannot thereafter complain that the quality of his defense constituted a denial of effective assistance of counsel).
On June 9, 2003, Washington filed a 3.850 motion for post conviction relief, claiming that the trial court erred in permitting him to waive counsel without holding a hearing pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). This claim was denied by the trial court on the merits, appealed, and affirmed by this court. Washington v. State, 854 So.2d 828 (Fla. 5th DCA 2003), again citing Faretta.
On November 2, 2004, Washington filed a second 3.850 motion, which was denied. This court affirmed. Washington v. State, 894 So.2d 1073 (Fla. 5th DCA 2005).
On November 3, 2004, Washington filed a petition for habeas corpus with this court, alleging ineffective assistance of appellate counsel. This court denied that petition on December 9, 2004.[3]
On March 3, 2005, Washington filed a third motion for post conviction relief, which was denied by the trial court. This court per curiam affirmed. Washington v. State, 906 So.2d 1081 (Fla. 5th DCA 2005).
On October 12, 2005, Washington filed this petition for writ of habeas corpus in the trial court. He argued again that the trial court committed reversible error when it discharged his appointed counsel and permitted him to represent himself *579 without holding a Nelson, hearing. The trial court dismissed this petition on the ground that this issue had been raised in three post conviction motions, which were denied and affirmed on appeal. The current petition was “yet another attempt” to raise the same issue.
This petition is legally dead in the water for three reasons:
First, a habeas petition cannot be used to provide a petitioner -with an additional appeal regarding issues that could have been or were raised on appeal or in post conviction motions. See Baker v. State, 878 So.2d 1236, 1245 (Fla.2004); Mills v. Dugger, 559 So.2d 578, 579 (Fla. 1990); Richardson v. State, 918 So.2d 999 (Fla. 5th DCA 2006); Collins v. State, 859 So.2d 1244, 1245 (Fla. 5th DCA 2003). Here, Washington’s claims either were or should have been raised in a direct appeal, the three 3.850 motions, or a petition for ineffective assistance of appellate counsel pursuant to Florida Rule of Appellate Procedure 9.141(c).
Second, issues denied on the merits in collateral proceedings or on appeal are res judicata for habeas corpus purposes. Mapp v. State, 224 So.2d 431 (Fla. 1st DCA 1969). Attempting to raise this issue again is frivolous, successive and an abuse of process. See Jones v. State, 591 So.2d 911, 913 (Fla.1991). See also Jackson v. State, 774 So.2d 747 (Fla. 3d DCA 2000); Scott v. State, 656 So.2d 204 (Fla. 5th DCA 1995).
Third, if there is an adequate remedy available under Florida Rule of Criminal Procedure 3.850, a petition for a writ of habeas corpus is time barred if filed more than two years after the conviction becomes final. Richardson. In this case, Washington’s direct appeal was decided more than two years ago, on March 25, 2003. The petition for writ of habeas corpus was filed October 12, 2005. Thus, the petition is beyond the two year time bar. No possible exception to the time bar has been pled, nor could it be alleged under the circumstances.
This court lacks the judicial resources to deal with such frivolous and successive petitions and appeals. We warn Washington not to raise this issue in future collateral attacks on his conviction and sentences in this case. If he does so, we will sanction him and bar him from filing additional pleadings in this court unless signed by a licensed, active member of The Florida Bar. See Day v. Vinson, 713 So.2d 1016 (Fla. 2d DCA 1998); Attwood v. Eighth Circuit Court, Union County, 667 So.2d 356 (Fla. 1st DCA 1995); Platel v. Maguire, Voorhis & Wells, P.A, 436 So.2d 303 (Fla. 5th DCA 1983).
AFFIRMED.
PLEUS, C.J. and MONACO, J., concur.

. § 806.01(l)(a), Fla. Stat. (2001).

. §§ 810.02(1) and (3); 810.07, Fla. Stat. (2001).

.See Washington v. State, Case No. 04-3656 (Fla. 5th DCA December 9, 2004) (denied by order).