# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2258
_____

ANTHONY RAY PEEK,

    Petitioner,

v.

FLORIDA COMMISSION ON
OFFENDER REVIEW,

    Respondent.

_____


Petition for Writ of Certiorari—Original Jurisdiction.


April 3, 2024


TANENBAUM, J.

    The trial court below dismissed the petitioner's complaint seeking a writ of prohibition. The order of dismissal in that instance is a final order. It is appealable as a matter of right because the trial court did not render that order in a review capacity. *Cf. City of Deerfield Beach v. Vaillant*, 419 So. 2d 624, 626 (Fla. 1982) (agreeing that "a final judgment of a circuit court acting in its review capacity is not appealable as a matter of right"). We in turn convert the petition to an appeal. *See* Fla. R. App. P. 9.040(c). The appeal, however, is untimely. *See* Fla. R. App. P. 9.110(b) (requiring that a notice of appeal be filed within thirty days of rendition of the order to be reviewed); *see also* Art. V, § 2(a), Fla. Const. (providing authority to the supreme court to "adopt

rules for the practice and procedure in all courts including the time for seeking appellate review").

Timeliness of an appeal is jurisdictional. *Cf.* § 59.081(2), Fla. Stat. ("Failure to invoke the jurisdiction of [an appellate court] within the time prescribed by [supreme court rule] shall divest such court of jurisdiction to review such cause."). When a notice of appeal has been untimely filed, dismissal is the only course of action for this court. *See Donin v. Goss*, 69 So. 2d 316, 318 (Fla. 1954) ("However, a principle so well settled that no citation of authority is required, is that jurisdiction cannot be conferred on this Court by consent. Unless an appeal is taken within the prescribed time, this Court has no jurisdiction whatever."); *see also Counne v. Saffan*, 87 So. 2d 586, 587 (Fla. 1956) ("The filing of the notice of appeal is jurisdictional and this court is without power to exercise its jurisdiction in the absence of the filing of such a notice within the time and manner prescribed by our rules."); *State ex rel. Diamond Berk Ins. Agency, Inc. v. Carroll*, 102 So. 2d 129, 131 (Fla. 1958) ("A court has no power to act in the absence of a jurisdictional foundation for the exercise of the power. The timely and proper filing of a notice of appeal is a jurisdictional essential to enable an appellate court to exercise its power."); *Peltz v. Dist. Ct. of Appeal, Third Dist.*, 605 So. 2d 865, 866 (Fla. 1992) ("The untimely filing of a notice of appeal precludes the appellate court from exercising jurisdiction.").

B.L. THOMAS, J., concurs; LEWIS, J., concurs in result only without opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Anthony Ray Peek, pro se, Petitioner.

No appearance for Respondent.

2