PER CURIAM.
The appellee, State of Florida, moves to dismiss this appeal for failure to file notice of appeal within 90 days as required by Rule 6.2, Florida Appellate Rules, 31 F.S.A. and states in support thereof that 93 days have expired as shown upon the face of the notice of appeal.
Upon motion made by Henry after appointment of counsel, the trial court accepted his plea of guilty to the crime of escape and entered judgment and sentence on June 14, 1963. On September 9, 1963, while incarcerated in the State Prison at Raiford, he delivered to prison officials a notice of appeal for mailing to the Circuit Court of Alachua County. The record reflects that his notice of appeal was stamped by prison officials as received and mailed on September 9, 1963. For reasons not shown by the record, the notice of appeal was not filed in the Circuit Court of Alachua County until September 16, 1963, this being four days beyond the time allowed by the rule.
Appellee, State of Florida, urges by its motion to dismiss that this court is without jurisdiction. The appellant countered with an affidavit of a postal inspector for the United States Post Office in the Gainesville, Florida, area, which states: “ * * * that *808 under normal circumstances a letter mailed in Raiford, Florida on S< ptember 9, 1963, would be delivered to the addressee in Gainesville, Florida, on or before September 13, 1963 * * * ” However, we take judicial notice of the fact that a notice of appeal mailed at the State Prison in Raiford on Monday, September 9, 1963, would in the normal course of the United States mail be delivered to the Clerk of the Circuit Court in Gainesville, Florida on or before Thursday, September 12, 1963, which was the last date for filing under the ninety day period specified by the rule.
An analogous factual situation is found in Perez v. State,[1] which held that when an inmate of a state prison had with due diligence (seven days before the last day for filing notice of appeal) presented to prison authorities for mailing a notice of appeal in proper form, the same will be considered timely filed although actually mailed after the time had expired for filing said notice. The rationale of that decision was founded upon the fact that the only method provided for an inmate in proper person to file a notice of appeal was by his delivering same to the prison authorities in a properly addressed stamped envelope within the appeal period allowing ample time for same to reach the clerk of the trial court in the normal process of the mail.[2] We have present here essentially the same facts. The incarcerated prisoner had done all that was within his power to file the instant notice of appeal — that is, timely delivery of same in proper form to the prison authorities for transmission to the Clerk of the Circuit Court in the normal process of the mail, which should have been received by the Clerk prior to expiration of the time provided. The inmate was not at liberty to walk, ride, hitchhike or otherwise personally deliver the instant notice, as he would have been had he not been incarcerated. Under these circumstances we hold that the instant notice of appeal was timely filed.
Motion to dismiss the appeal is denied.
STURGIS, C. J., and WIGGINTON and RAWLS, TJT., concur.

. Perez v. State, 143 So.2d 663 (Fla.App. 3d, 1962).

. There is no contention here that same has not been done.