CARROLL, DONALD K., J. ,
The State of Florida has filed a motion to dismiss this appeal on the ground that the appellant failed to file his notice of appeal within ninety days after the entry of the order or judgment appealed from, as required by Rule 6.2 of the Florida Appellate Rules, 31 F.S.A.
This appeal is from an order entered by the Court of Record for Escambia County' on April 29, 1963, denying the appellant’s motion to vacate and set aside his judgment: and sentence, pursuant to the procedure authorized by Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. One hundred and eight days later, on August IS, 1963, the appellant filed his notice of appeal from the said order.
Rule 6.2 of the Florida Appellate Rules provides: “Any appeal by the defendant shall be taken within 90 days after the judgment is entered, or from the judgment or sentence, or both, within 90 days after the sentence is entered.”
On September 19, 1962, the appellee, the State of Florida, filed its motion to dismiss this appeal on the ground that the appellant’s notice of appeal was filed too late under the said Rule 6.2. Strictly on the single basis of the calendar, of course, the motion is well taken, for 108 days had passed since the entry .of the order appealed from when the appellant filed his notice of appeal, or 18 days after the 90-day period had elapsed. Nevertheless, under some circumstances the late filing of a notice of appeal may not result in the appeal’s dismissal, as we shall point out later in this opinion.
On September 30, 1963, this court received and filed in this cause a handwritten letter addressed to this court and written upon prison stationery, which letter was signed by the appellant and sworn to by him before a notary public.
In this letter the appellant, who is serving his said sentence in the State Prison, writes expressly in response to the State’s motion *524 to dismiss his appeal and declares that the following situation caused his delay in filing his notice of appeal:
“After a person writes a writ of any kind at the State Prison, he sends it to the front office, and when they find time they will call you up to notarize it. My writ for appeal was in the front office 19 days before I was ever called to notarize it. Therefore I ask this honorable court to grant my writ for a new trial. It was not my fault it took as long as it did for my writ to be notarized. Therefore the fault falls on the State Prison officials because they did not call me to the front office to have my writ for appeal notarized.”
In an analogous factual situation this court in Henry v. State, Fla.App., 158 So.2d 807, we recognized and applied the rule in Perez v. State, 143 So.2d 663 (Fla.App.1962).
After the above two decisions were rendered, however, the Supreme Court of Florida reached the opposite conclusion in State ex rel. Ervin v. Smith, Fla., 160 So.2d 518, which was a case of original jurisdiction in prohibition against the members of the Second District Court of Appeal. In that case a prisoner in the State Prison through the mails filed his notice of appeal in the trial court 91 days after the entry of his judgment and sentence. The State then moved in the said District Court of Appeal to dismiss the appeal as having been filed too late. That court first granted the State’s motion and later sua sponte vacated its order of dismissal, reinstated the appeal, and indicated its intention to proceed to consider the appeal on its merits. The relator then instituted the prohibition proceeding in the Supreme Court to prevent the District Court of Appeal from exercising jurisdiction of the appeal. In their return to the rule nisi, the respondent judges suggested that their jurisdiction attached when the said prisoner delivered his notice of appeal to a prison official for ¿nailing with ample time for it to have reached the clerk of the trial court; and that the delay in the delivery of the vital notice was occasioned by the neglect or oversight of the prison officials. As the Supreme Court put it, the crux of the said respondents’ position was that “the State should not be permitted to prevent the hearing of an appeal attemped by a State prisoner when delay in the filing of his notice was occasioned by the requirements of prison rules and the neglect or oversight of a prison official.”
In the said prohibition case the Supreme Court, in an opinion written by Mr. Justice Thornal, discusses the considerations of justice and the requirements of the rule of law inherent in the situation. First, the Supreme Court pointed out that a criminal appeal is initiated by the filing of the notice of appeal in the trial court within the prescribed 90-day period, and said: “This is an absolute essential jurisdictional requirement. If the requirement is not met the appellate court simply has no jurisdiction— no power — to act.”
The Supreme Court then recognized the considerations of justice inherent in the case before it, saying:
“Admittedly, our sense of justice is challenged by the claim of a prisoner who has been deprived of the right to have his conviction reviewed because of the alleged misprisions of his State prison custodians. If discretion were available, we would be inclined to investigate his claims and if found to be correct, grant relief. However, as we have said, the timely filing of a notice of appeal is jurisdictional and neither we nor the District Courts have any power to waive the requirement. As a consequence, we are bound to make the rule absolute and prohibit further consideration of the appeal on its merits.”
While the Supreme Court did not in the said opinion expressly overrule the Perez case, supra, that court did mention that the Second District Court of Appeal “in a measure relied” upon the said case, and *525 commented that it is “appropriate to note that the decision in Perez was never submitted to us for review.”
In the concluding portion of its opinion in State ex rel. Ervin v. Smith, supra, the Supreme Court makes a suggestion to the prisoner concerning a remedy available to him, which portion we quote in full and adopt as a suggestion to the appellant in the case before us:
“In view of the interest of the prisoner Hooper, who has filed briefs in this cause, we consider it proper to suggest that he fhay not be entirely without remedy. In similar cases where a state’s appellate process has been rendered unavailable by the improper conduct of a state functionary, the Supreme Court of the United States has granted federal habeas corpus in recognition of federal concerns that due process be observed. Cochran v. Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453; Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215. In view of the extremely unusual circumstances and the potential deprivation of due process inherent in the factual situation presented to us, our decision shall be without prejudice to the prisoner Hooper to apply to the respondent court for relief by way of habeas corpus. In such a proceeding he would have an opportunity to establish factually, his claim regarding the failure of the prison officials to mail his notice. Having done this he could then proceed to advance his claims of illegality of restraint. We do not overlook the established rule that habeas corpus is not available as a substitute for appeal. However, in the instant matter, and because of the exceptional circumstances, the orderly appellate remedy has apparently been rendered totally unavailable to the convicted prisoner by allegedly improper conduct of the State’s own representative.”
On the authority of the Supreme Court’s decision discussed above, we have no choice but to grant the State’s motion to dismiss this appeal. The motion is granted and the appeal is dismissed, but without prejudice to the appellant to apply for relief by way of habeas corpus in accordance with the views herein expressed.
Motion to dismiss granted without prejudice.
STURGIS, C. J., and RAWLS, J., concur.