190 So.2d 561

**Sigmon SIMPSON**

v.

**STATE.**

**1 Div. 45.**

Court of Appeals of Alabama.

Sept. 20, 1966.

Sigmon Simpson, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

This cause is part of Simpson v. State, ante p. 58, 179 So.2d 335, where we remanded for what now appears to have been only a labor of love for the due forms of law.

We have carefully reviewed the entire record including the transcript of the evidence.

The gist of Simpson's complaint (in brief here) was that on original trial he did not have the benefit of one Benefield's testifying in his behalf.

Benefield, charged with robbery arising out of the same transaction which led to Simpson's original conviction, had pleaded guilty. He was put on probation and later, on revocation, went to prison.

■ He testified on the coram nobis hearing. His testimony would tend to exonerate Simpson. Benefield's credit was for the court below. Code 1940, T. 7, § 434; Hughes v. McAnnally, 272 Ala. 169, 130 So.2d 176. See below.

Nothing makes it apparent that this man's testimony would have *prevented* the original judgment of conviction.

■ We adopt the opinion of Judge Bolling in denying the petition below:

"The original case, No. 9038, shows that on June 21, 1963, the Grand Jury of Mobile County presented an Indictment against Sigmon L. Simpson for the offense of armed robbery. On the date of the Arraignment, March 2, 1964, the Defendant appeared through his chosen attorney, Honorable William M. Grayson, of Mobile, Alabama, and entered a plea of not guilty. On March 11, 1964, trial of the cause was commenced with Mr. Grayson representing the Defendant; and on March 12, 1964, a jury returned a verdict of guilty and fixed punishment at imprisonment in the penitentiary for twenty years. The record further reflects that on the date the Defendant and his attorney filed Notice of Appeal, at which time the Court suspended execution of the sentence and fixed an Appeal Bond at $15,000. A Certificate of Appeal was mailed to the Court of Appeals, Montgomery, Alabama, on March 13, 1964, and the original transcript was mailed to that Court on May 28, 1964, with a carbon copy being mailed to the Attorney General. On July 2, 1964, this Court received a Certificate of Dismissal from the Court of Appeals.

"The Petitioner presented testimony of an alleged accomplice, Donald Benefield, in an effort to establish his innocence. The substance of this testimony was that although a service station was robbed, the Petitioner was in the automobile across the street, driving for two of his friends, and didn't know they were committing a robbery. The State presented countertestimony which seriously diluted the strength of Mr. Benefield's statement.

"There was considerable testimony that the sentence of twenty years was too severe. Mr. William M. Grayson testified that he thought the jury could have

given a lighter sentence. It appears that under Title 14, Section 415, the offense of robbery must be* at the discretion of the jury, by death or by imprisonment in the penitentiary for not less than ten years.

"There was testimony that Mr. Grayson has been a member of the Mobile Bar for approximately twenty-five years; that he is the son of a former Circuit Court Judge; and that approximately fifty percent of his practice is devoted to criminal work. Petitioner testified that Mr. Grayson conducted his defense as skillfully as could be desired. No one seems to question the effectiveness of Petitioner's Counsel either at Arraignment or during the trial of the case.

"The main ground asserted by Petitioner appears to be that his chosen Counsel abandoned the appeal and that this Court was under a duty to prosecute the Appeal and replace his Counsel. Mr. Grayson testified that the Defendant asked him to file Notice of Appeal; Mr. Grayson further testified that he advised Defendant and his family that he could not prosecute the Appeal unless arrangements were made for adequate compensation. There is no evidence that any request was made to this Court, to the State Solicitor, or to the Attorney General by either the Petitioner, his family, or his chosen attorney, that the Court appoint anyone to assist Petitioner.

"The attorney appointed for the Petitioner has directed the attention of this Court to the recent case of Pate vs. Holman in the United States Court of Appeals for the Fifth Circuit, No. 21, 428, dated February 16, 1965 [341 F.2d 764, as modified at 343 F.2d 546], dealing with the question of appointment of Counsel for an indigent Defendant on appeal. In the Pate case there was evidence that Pate wrote the County Solicitor, wrote the Attorney General of Alabama, and twice wrote the trial Judge, telling of his difficulties and asking for the assistance of appellate counsel. In the insant case there is no such evidence that Petitioner made any request for assistance.

"On page 18 [slip opinion] of the Pate case [341 F.2d 764] is the following statement:

" 'This "nettlesome problem" is discussed in McIntosh v. Commonwealth, Ky., 1963, 368 S.W.2d 331:

" ' "The right of counsel on appeal stands on a different footing, not only constitutionally but as a practical matter, from the right to counsel during earlier stages of a criminal proceeding. An appeal is not a prerequisite to the execution of a sentence, whereas the proceedings leading up to and including a judgment are. The right to a fair trial is primary and fundamental. A right of review is secondary, and exists only as an added safeguard against denial of the primary right. The obligation of the state to see that the defendant receives a fair trial is absolute; to provide him an appellate review is optional. That due process compels the court affirmatively to advise a defendant of his right to counsel at the trial stage does not lead to a conclusion that he must also be thus advised at the appellate stage. 'Equal protection' gives to the indigent defendant a right to counsel and to a transcript of the record on appeal if he requests it. In the absence of such a request it does not, in our opinion, oblige the court either to initiate an inquiry or to extend an invitation to appeal." ' 368 S.W.2d 331 at 336.

"After hearing and considering the entire testimony, the Court is of the opinion that Petitioner was adequately represented at Arraignment and Trial; that he made no effort to apprise this Court of any desire for appointed Counsel during the six months up until September 12, 1964, that this case could have been appealed; that

* ["punished" apparently omitted in transcription]

the Petitioner was adequately represented at his hearing on the Petition; and that the said Petition is due to be denied."

The judgment below is due to be

Affirmed.