ROBERTS, Justice.
Petitioner, Daniel Sherman Schaeffer, was adjudged guilty of the offense of robbery on May 15, 1963, and sentenced to a term of six months to fifteen years imprisonment. He was represented by private counsel at his trial but after conviction no appeal was taken by his privately retained counsel.
After expiration of the ninety-day period provided for under the then existing Rule 6.2, F.A.R., 32 F.S.A., petitioner filed notice of appeal in proper person in the Criminal Court of Record in and for Orange County, Florida, and the public defender was appointed to represent him. The State filed a motion to dismiss and an order was entered dismissing the appeal for the reason that the notice of appeal was not timely filed. Sec. 924.09, Florida Statutes, F.S.A.; Bell v. State, 154 Fla. 505, 18 So.2d 361; and Wells v. State, Fla., 38 So.2d 464.
Petitioner now seeks relief by petition for writ of habeas corpus in this court from his sentence contending that he was denied his right to direct appeal because he was indigent and was further denied court-appointed counsel to prosecute his direct appeal. He does not allege, and he fails to show, that he made known to the court or any other responsible official his state of indigency, his desire for appeal, or the refusal of his privately retained counsel to prosecute his appeal within the ninety-day period.
We feel and so hold that when a person retains counsel at his original trial the State may presume that the privately chosen counsel will protect his client’s rights on appeal and will prosecute an appeal if it is to the accused’s best interest. If for any reason, including indigency, petitioner had given timely notice to the State of his desire to appeal, it would have been necessary for the court to have made inquiry as to indigency and to have advised him of his rights, but without such knowledge it is not necessary that the State initiate action toward the appointment of appellate counsel. Cf. Pate v. Holman, 5 Cir., 341 F.2d 764; Harris v. Beto, 5 Cir., 392 F.2d 191; and Simpson v. State (1966), 43 Ala.App. 348, 190 So.2d 561.
The petitioner is therefore remanded to custody and the writ is hereby discharged.
It is so ordered.
ERVIN, C. J., and DREW, THORNAL and CARLTON, JJ., concur.