229 So.2d 239 (1969)
Aaron A. BAGGETT, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 38768.
Supreme Court of Florida.
November 25, 1969.
Rehearing Denied January 12, 1970.
*240 Brian T. Hayes, Asst. Public Defender, for petitioner.
Earl Faircloth, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for respondent.
ERVIN, Chief Justice.
This cause is before us on an original pro se petition for writ of habeas corpus filed by Petitioner Baggett and a return filed on behalf of Respondent.
In December, 1962 after a jury trial conducted by the Criminal Court of Record, Polk County, Petitioner was adjudged guilty and sentenced to serve concurrent sentences of twenty years and five years for the crimes of breaking and entering a dwelling house with intent to commit a felony and grand larceny. Petitioner alleges he was represented during trial by privately employed counsel but was unable to retain said counsel for the purpose of appealing his conviction for the reason that Petitioner became indigent. Petitioner alleges both he and his trial counsel thereupon informed the trial judge of Petitioner's indigency and of his inability to employ counsel to pursue an appeal and requested the trial judge to appoint counsel to represent Petitioner on appeal. Petitioner further alleges the trial judge advised him that an attorney would be appointed to prosecute Petitioner's appeal. Petitioner alleges that after he was confined to prison he wrote the trial judge in February, 1964 inquiring of the status of his appeal. He alleges he was then informed by the trial judge that his appeal was being handled by the public defender. Subsequent communication with the public defender revealed his appeal had never been filed.
The return of Respondent does not controvert the factual allegations of Petitioner. However, Respondent contends Petitioner's allegations are insufficient to support the relief requested for the reason Petitioner has not made a showing of at least arguable reversible error occurring at trial which might have prompted reversal on appeal. Respondent also maintains the contention raised by Petitioner herein was denied by the trial court in proceedings to vacate under Crim.Pro. Rule 1.850, 33 F.S.A. and that this denial was affirmed on appeal by the District Court of Appeal, Second District.
The thrust of Petitioner's allegations in this case appears directed toward an attempt *241 to demonstrate that through State action Petitioner was deprived of, or inadequately afforded, the assistance of counsel for the purpose of directly appealing his conviction.
Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, holding an indigent defendant constitutionally entitled to state-appointed counsel for the purpose of directly appealing a conviction, was decided on March 18, 1963. There is ample authority for the view that the Douglas decision applies retroactively and thus governs Petitioner's alleged attempt to secure state-appointed counsel in the instant case. Pate v. Holman, 341 F.2d 764 (5th Cir.1965); Harders v. California, 373 F.2d 839 (9th Cir.1967); Donnell v. Swenson, 258 F. Supp. 317 (S.D.Mo. 1966); United States ex rel. Mitchell v. Fay, 241 F. Supp. 165 (S.D.N.Y. 1965); Spaulding v. Taylor, 234 F. Supp. 747 (D.C.Kan. 1964).
In cases involving application of the Douglas rationale, factual difficulties emerge in an attempt to resolve two critical questions or tests. First, did the criminal defendant make known to the trial judge his indigency and desire to appeal so as to generate the State's duty to afford the necessary incidents of an appeal, including representation of counsel? Secondly, a criminal defendant having generated the state's duty to provide the necessary incidents of an appeal, do the facts show a deprivation through state action of the rights guaranteed to said defendant?
The first test above is derived as a result of recognition of an important distinction between the right to counsel on appeal and the right to counsel at trial. While both of these rights are designated "absolute" (see Douglas, supra), in the case of an appeal it is not constitutionally necessary that the trial judge initiate action toward the appointment of appellate counsel by advising a convicted person of his rights or by making inquiry as to his indigency. Pate v. Holman, supra. This distinction is probably attributable to the fact that the defendant himself is responsible for initiating appeal proceedings, whereas in the case of trial proceedings the State leads the way. Such latter proceedings should not be validated if the State fails to initiate steps necessary to insure affording all the requirements of due process, including the right to counsel.
The scope of the State's duty, vis a vis the trial judge, to initiate action toward affording a defendant the right to appeal and the incidents necessary thereto, although of a passive constitutional nature, may well be made more stringent by virtue of procedural requirements imposed by rules or statutes. Compare the right of a defendant in a Federal court under Rule 37(a) (2), Fed.R.Crim.P. See Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). However, in Florida, since there are no rules or statutes imposing a duty on the trial judge to initiate action on behalf of a defendant to better enable him to utilize his appellate rights, the occurrence of the State's duty in this respect must be measured against the constitutionally imposed requirements as enumerated above. See Powe v. State (Fla.), 216 So.2d 446; Schaeffer v. Wainwright (Fla. 1969) 218 So.2d 442.
In the present case, we think the allegations set forth in the petition, if proven, are sufficient to have generated or raised a duty upon the State to afford Petitioner the necessary incidents of an appeal, including appointment of counsel. Petitioner clearly alleges he apprised the trial judge of his indigency and desire to appeal. This quite readily satisfies the initial burden placed on Petitioner. Our conclusion in this respect does not ignore the fact that in this case Petitioner was represented by privately retained counsel during the original trial. Although some cases acknowledge that in this situation the State may rely on a presumption that the accused's lawyer will protect his client's rights on appeal, this presumption is rebuttable. *242 Pate v. Holman, supra. The allegation in the instant case that Petitioner and his trial counsel advised the trial judge of Petitioner's indigency and of his inability to retain trial counsel on appeal, if proven, clearly rebuts any presumption arising from the fact that Petitioner was represented by counsel of his own choosing during his trial. Schaeffer v. Wainwright, supra.
We now consider the second requirement indicated above. Of course, the requirement that the deprivation of the necessary incidents of an appeal be attributable to State action springs from the required presence of State action to activate the equal protection and due process clauses of the Fourteenth Amendment to the Federal Constitution. In most instances little difficulty is encountered in ascertaining whether there exists a failure or deprivation attributable to state action. Generally, in the present context, state action is shown when a responsible official in the State's system of justice fails to take proper steps toward affording the necessary incidents of an appeal, e.g., appointment of counsel for a convicted defendant, after the State's duty to act in this particular is activated by the defendant's compliance with the requirements set forth in the first test stated above. Applying this rule to the present case, one could not question the existence of state action if the established facts show the trial judge never responded to such test and appointed counsel to represent Petitioner on appeal. The allegations in this case do not exclude the possibility of this factual finding.
If, however, it should be factually established in this case that the trial judge actually appointed counsel to represent Petitioner on his appeal and that the failure to timely perfect and prosecute Petitioner's appeal was due to the default or neglect of the court-appointed attorney, a difficult question is presented as to whether Petitioner was deprived by State action of his right to appeal, or the necessary incidents thereto. The difficulty reposes in the contention that the requirements of equal protection do not operate to afford an indigent criminal appellant any higher or greater rights than those available to a nonindigent. Since the risk of failure to timely perfect an appeal is one which might befall a nonindigent represented by private counsel, it is argued this type of default should not be attributed to the State in testing the application of the Fourteenth Amendment. We are not persuaded by this argument.
A chain of decisions subsequent to Douglas v. California, supra, culminating in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), makes it quite clear that the requirement of Douglas is not necessarily met simply by the appointment of counsel to represent an indigent defendant on appeal. The Anders case raised to constitutional proportion certain minimum requirements imposed on a court-appointed counsel who considers his client's appeal to be frivolous. The Anders decision as applied to the facts alleged in the petition in the present case would certainly seem to furnish a strong indictment against a situation characterized by a total lack of affirmative action on the part of a court-appointed attorney. However, in the present case we do not choose, nor do we deem it necessary to bottom our finding of a potential state-attributable deprivation on the failure to measure up to the requirements of Anders. The facts here alleged do not reach the point of an Anders situation.
In the present case, the Petitioner alleges the trial judge informed Petitioner that counsel would be appointed to prosecute his appeal. It is also alleged that the trial judge informed Petitioner by letter in 1964, well after the expiration of the time for filing an appeal, that Petitioner's appeal was being handled by the public defender. If the facts established should show that the trial judge merely advised Petitioner that appellate counsel was forthcoming; did not communicate to Petitioner within the appeal period the name of the counsel appointed by the court to represent Petitioner; *243 and did not, coupled with these factors, advise Petitioner of his right to proceed pro se and in forma pauperis, we think such conduct on the part of the trial judge constitutes a frustration of Petitioner's right to appeal of such magnitude to be equivalent to a denial thereof.
Having concluded the allegations in the Petition support a prima facie denial of the rights accruing to Petitioner under Douglas v. California, supra, we turn now to the Respondent's contention that relief is not justified in this case because Petitioner has not made a showing of at least arguable reversible error occurring at trial which might have prompted reversal on appeal. In urging this contention, Respondent relies on Nelson v. State (Fla.App. 1968), 208 So.2d 506; Barnett v. State (Fla.App. 1969), 222 So.2d 30, and Robertson v. State (Fla. App. 1969), 219 So.2d 456. But see Powe v. State, supra.
In a recent decision, the United States Supreme Court considered and specifically rejected a position similar to that now urged by Respondent. Rodriguez v. United States, supra. We think the reasoning employed in Rodriguez warrants rejection of the contention urged by Respondent and we so hold. Any conclusion contrarily expressed in Keith v. State, Fla. 1969, 222 So.2d 186 is hereby receded from.
Finally, we are faced with the type of relief to be accorded in the present case and the particular procedure available for securing such relief. In Powe v. State, supra, we held that habeas corpus and not a motion under Rule 1.850, Fla.R.Crim.Proc., is the proper method for challenging post conviction errors (and not trial errors) of the kind here involved. We also suggested in Powe that the proper remedy ultimately to be accorded in cases of this kind, assuming the allegations are sufficiently established so as to demonstrate a deprivation of protected rights, is to afford an aggrieved petitioner the opportunity for a full appellate review of his conviction, judgment and sentence, said remedy to be availed by way of habeas corpus applied for in the District Court of Appeal of the district wherein Petitioner was confined at the time of his conviction and sentence. See also, Hollingshead v. Wainwright (Fla. 1967), 194 So.2d 577. So far as it goes, the procedure suggested in the Powe decision appears adequate. However, other than directing habeas corpus as the proper means of attack, the Powe decision is silent as to the proper venue for bringing the initial proceeding to test the sufficiency and proof of the supporting allegations.
Under Section 4, Article V, Florida Constitution 1968, F.S.A., we have original jurisdiction to entertain petitions for habeas corpus. Furthermore, where a determination of factual questions is necessary to a final decision and judgment in a habeas corpus proceeding, we are empowered to refer the matter to a circuit judge as a commissioner of the Supreme Court to make findings and recommendations on the issues tendered by the pleadings. Sneed v. Mayo (Fla. 1953), 66 So.2d 865; Hollingshead v. Wainwright, supra.
The Supreme Court, however, is not exclusively vested with jurisdiction over habeas corpus proceedings. F.S. Section 79.01, F.S.A., confers similar jurisdiction to circuit judges. Nevertheless, F.S. Section 79.09, F.S.A., imposes the venue requirement that in cases before a circuit judge the application for the writ shall be filed with the circuit court of the county in which the prisoner is detained. Neither of the possible avenues of habeas corpus relief so far discussed provides a proper solution to one of the major administrative problems attending matters of this kind, i.e., provide effective but expedient procedural machinery for spreading the judicial labor so as not to overburden any particular court or judicial body. We think the third avenue discussed below provides the best method for accomplishing this objective.
*244 Section 5, Article V, Florida Constitution 1968, confers jurisdiction on the district courts of appeal or any judge thereof to issue writs of habeas corpus returnable before that district court of appeal, any judge thereof, or any circuit judge in that district. Since where habeas corpus relief is sought to vindicate deprivations of the right to appeal, or necessary incidents thereof, the ultimate relief afforded is the opportunity for full appellate review by way of habeas corpus in the district court of appeal (except in situations where the jurisdiction of an appeal lies in the Supreme Court pursuant to Section 4(2), Article V, State Constitution) of the district where petitioner was confined at the time of sentencing, the soundest and most expeditious procedure should require the application for a writ challenging such alleged deprivations to be filed in the same district court which is empowered to grant the ultimate relief. This procedure would not only operate to balance out and minimize the judicial labor in proceedings of this kind, but would also create less procedural difficulties. If factual determinations are deemed necessary, the appropriate district court needs merely to issue the writ returnable before a circuit judge of that district or appoint a commissioner to make the necessary factual determinations.
Although the last procedure referred to appears the best general approach in matters of the present kind, we choose in the instant case to avoid further delay in this case which is at issue and has been argued before us to appoint Honorable William K. Love, Circuit Judge of the Tenth Judicial Circuit, Commissioner to take such testimony as shall be deemed necessary to resolve Petitioner's allegations and thereafter with all convenient speed report the same, together with his findings and recommendations, to this Court. However by way of caveat, we note that in the future, applications for habeas corpus presenting questions relating to issues similar to those discussed herein will be transferred sua sponte to the appropriate district court of appeal with directions to entertain whatever proceedings are found warranted.
It is so ordered.
ROBERTS, CARLTON, ADKINS and BOYD, JJ., and LARKIN, Circuit Judge, concur.