SPECTOR, Judge.
Petitioner has filed with this court a pleading styled “Petition for Full Appellate Review by Means of Habeas Corpus”.
The petition alleges that Johnson entered a plea of guilty to charges of breaking and entering pending against him in the Criminal Court of Record of Hillsborough County, Florida, on August 12, 1968, and upon being adjudged guilty he was sentenced to imprisonment for fifteen years. He is presently being held in the state prison at Raiford, Florida, which is within the geographical jurisdiction of this court.
It is further alleged that on June 20, 1969, he filed a motion under Criminal Procedure Rule 1.850, 33 F.S.A. by which he sought vacation of the judgment and sentence aforesaid on the ground that his guilty plea was not voluntarily made. That motion was denied on July 31, 1969. On August 6, 1969, petitioner states that he filed a “Motion to Rehear with Alternative Notice of Appeal”. The latter motion was allegedly denied October 3, 1969.
Thereafter, on October 20, 1969, petitioner assumed that his “Alternative Notice of Appeal” was ignored and filed a habeas corpus proceeding seeking full appellate review of the Rule 1.850 order in the United States District Court, which court petitioner alleges entered an order on January 12, 1970, which instructed him to seek such full appellate review in this court under the Hollingshead doctrine. Apparently, the reason petitioner assumed this court to be the proper forum to consider his case is because he is presently being' confined in Raiford Prison which is in this court’s territorial jurisdiction. We do not have before us the order of the United States District Court dated January 20, 1970, upon which petitioner relies to establish his right to file ,a petition seeking review of an order entered by a court over which we have no supervisory authority.
However, regardless of what petitioner alleges, it is clear that Rule 1.850 provides that an appeal from an adverse order entered pursuant thereto “ * * * may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for a writ of habeas corpus”. Accordingly, if petitioner is now prosecuting an appeal from an order entered in the Criminal Court of Record for Hillsborough County, Florida, the appropriate forum is the appellate court having supervisory jurisdiction of said trial court.
In Baggett v. Wainwright, 229 So.2d 239, opinion filed November 25, 1969, the Supreme Court considered a somewhat related question and stated:
* * Since where habeas corpus relief is sought to vindicate deprivations of the right to appeal, or necessary incidents thereof, the ultimate relief afforded is the opportunity for full appellate review by way of habeas corpus in the district court of appeal of the district where petitioner was confined at the time of sentencing, the soundest and most expeditious procedure should require the application for a writ challenging such alleged deprivations to be *702 filed in the same district court which is empowered to grant the ultimate relief. * * * ” (Emphasis supplied)
The allegations of the instant petition make it amply clear that petitioner was confined in Hillsborough County at the time of sentencing and, hence, the appropriate court to which he should address his claim for relief is the Second District Court of Appeal.
It should be made clear that we do not hold here that petitioner is entitled to the relief he seeks. We hold merely that the proper forum in which such claim is to be determined is the District Court of Appeal having jurisdiction over the place of petitioner’s trial and sentencing.
Petition is accordingly denied.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.