PIERCE, Chief Judge.
Appellant Jessie Lee Lewis was tried and convicted on June 18, 1968, by a jury upon an information charging him with encouraging four named juveniles to riot. He was duly adjudged guilty by the Court and thereupon, on February 4, 1969, was sentenced to a term of imprisonment in the State Prison.
Over two years after the trial, and on to-wit, August 10, 1970, Lewis filed his post-conviction motion under CrPR 1.850, 33 F.S.A., to vacate and set aside the judgment of conviction, which motion was denied on September 11, 1970. It is from this latter order of denial that the instant appeal is taken. We have carefully examined the record lodged here, and failing to find error are impelled to affirm the order appealed. We will briefly discuss the points raised.
(1) Lewis’s first point is that he was not given an opportunity at the trial to cross-examine the State witness Frazier Newman. This point is clearly refuted by the record itself which shows four full pages of cross-examination of this particular witness. And the local Public Defender, representing Lewis on this appeal, candidly concedes that Lewis’s trial attorney *18 did cross-examine the witness Newman at the trial.
(2) The record affirmatively shows that on February 24, 1969, Lewis was sent a letter by his then attorney advising him of his right to appeal. Lewis admitted receiving the letter, which was sent him the same day judgment and sentence was entered against him in the trial Court, and the letter also advised Lewis that he had thirty days from that date in which to appeal. This amply satisfied Lewis’s constitutional right with regard to his being advised of his right to appeal.
(3) Lewis’s third and last contention is that the State “voided” his right to appeal. The record affirmatively shows that private counsel represented Lewis before and during his trial. He did not claim indigency until some year and a half after the trial, namely, in October, 1970. Apparently, Lewis takes the position before this Court that it is the duty of the State to appeal his case for him even when he is silent as to any desire on his part to take said appeal. This is not necessary to satisfy the constitutional process. If Lewis wished to appeal it was his burden to initiate such proceeding. This is implicit in Baggett v. Wainwright, Fla.1969, 229 So.2d 239, text 241, wherein the Supreme Court said that “the defendant himself is responsible for initiating appeal proceedings”. After being plainly advised of his right to appeal and the time within which such appeal must be instituted, Lewis failed to take any steps toward taking such appeal until over a year after the time for such appeal had run. Such neglect on his part cannot in any way be equated to any voiding of an appeal on the part of the State.
The trial Court was therefore eminently correct in denying without evidentiary hearing the motion for post-conviction relief.
Affirmed.
HOBSON and McNULTY, JJ., concur.