PER CURIAM.
By this appeal, the appellant seeks review of the summary denial of a petition filed pursuant to Rule 1.850 CrPR, 33 F.S. A.
The appellant was charged in 1967 with the crime of robbery. He retained private counsel, was convicted, and his private counsel took an appeal. This appeal was subsequently dismissed for failure to prosecute. Thereafter, the appellant filed an original habeas corpus proceedings in this court, alleging a thwarted appeal, which *721 writ was denied. State ex rel. Ghelfi v. Wainwright, Fla.App.1969, 217 So.2d 922. Thereafter, he filed an original petition for habeas corpus in the Supreme Court of Florida alleging the same or similar ground, and that court denied relief. Ghelfi v. Wainwright, Fla.1969, 232 So.2d 182. He subsequently filed a habeas corpus in the United States District Court for the Southern District of Florida, setting forth the essential facts and was again denied relief, in which Federal proceedings the judge rendered an opinion which included the following:
* * * * * * “Petitioner’s first claim is that he was denied his right to direct appeal of his conviction as provided for in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). The facts as admitted by petitioner, however, do not fall within the doctrine of Griffin or Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Petitioner was represented by privately retained counsel at his trial, and the same counsel appealed his conviction. This appeal was dismissed for lack of prosecution when petitioner evidently could no longer afford to pay his attorney. While there is no doubt that a defendant, if indigent, is entitled to appointment of counsel for the purpose of directly appealing a judgment of conviction, nevertheless there is an affirmative duty upon the defendant to communicate these facts to the Court, if he retained private counsel for the duration of his trial. Schaeffer v. Wainwright, 218 So.2d 442 (Fla.1969), Harris v. Beto, 392 F.2d 191 (5th Cir. 1968). Thus, petitioner’s lack of counsel on direct appeal was not due to any state action, but rather due to petitioner’s own failure to inform the Court of his indi-gency.” [Emphasis supplied.]
* * * * * *
Thereafter, the instant petition was filed in the trial court and summarily denied. We affirm.
Although the appellant may have been indigent at the time his appeal was dismissed for failure of prosecution by his privately retained counsel, this matter was never brought to the attention of the trial court or the appellate court, and no state action frustrated his original appeal. We therefore affirm the action of the trial court, first because the matters attempted to be litigated had already been litigated in the prior habeas corpus proceedings and those decisions would be res judicata. Whitney v. State, Fla.App.1966, 184 So.2d 207; Mitchell v. State, Fla.App.1967, 203 So.2d 676. Further, this record fails to demonstrate any State action which thwarted the original appeal. Baggett v. Wainwright, Fla.1969, 229 So.2d 239; Douglas v. California, 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811.
Therefore, for the reasons above stated, the order here under review be and the same is hereby affirmed.
Affirmed.