PER CURIAM.
Petitioner asks delayed appellate review pursuant to Baggett v. Wainwright, Fla. 1969, 229 So.2d 239. His direct appeal was dismissed as untimely filed. His first petition for delayed appellate review was denied without opinion for the same reasons we must deny this second one. Harrell’s allegation is that the public defender failed to take an appeal. He does not allege that he was not advised of his right to appeal and to counsel on appeal, if indigent, nor does he allege that he requested the lawyer appointed to represent 'him to file an appeal. In short, he has not alleged any action on the part of the state’s agents which has denied him the right to appellate review. The taking of an appeal is not automatic, and it is not, in fact, the normal thing to do unless there is some reason to believe that the proceedings in the trial court should be reviewed by an appellate court. This second Baggett-type petition was filed initially in the Supreme Court and properly transferred here. The first was not denied “arbitrarily and capricious” (sic), as Harrell represented to the Supreme Court. It was denied because Harrell has not made any showing of deprivation of his right to appeal through the fault of the state’s agents, including the public defender. We would suggest that Harrell consult the Legal Aid and Public Defender Clinic at the Spessard L. Holland Law Center, University of Florida, Gainesville, to determine whether in fact he has a right to delayed appeal and, if so, to seek help in the framing of a proper petition. Harrell assets that he has an absolute right *185 to appeal, which is true, but appeal is not automatic, and, if notice of appeal is not timely filed, the right is waived unless the failure to file resulted from state action. Accordingly, the petition is denied without prejudice.
LILES, Acting C. J., and MANN and McNULTY, JJ„ concur.