CARLTON, Acting Chief Justice:
In 1971 relator Jefferson, an inmate in the State Penitentiary at Raiford, filed a petition for writ of habeas corpus with the District Court of Appeal, Third District, alleging that in 1961 his public defender had failed to prosecute an appeal which had been requested. The District Court appointed a commissioner to determine the facts. After investigation and inquiry, the commissioner recommended acceptance of a belated appeal.
Appellate counsel was appointed for relator and a notice of appeal was filed. Thereafter, relator discovered that the transcript emanating from his 1961 trial was unobtainable because the Dade County authorities charged with its custody were unable to locate it in the Dade County storage warehouse. Two months after this discovery was made, the District Court notified relator that:
“Pursuant to the time schedule provided for in the Florida Appellate Rules, *118 the time for filing appellant’s brief and record has expired.
“This is to inform you, at the direction of the court, that this cause will be subject to dismissal unless the documents referred to are filed within ten (10) days from this date, or within said time the court is otherwise notified that this matter is being diligently prosecuted.'’ (Emphasis supplied.)
There is nothing in the record to indicate that relator responded in any way to this notification of pending dismissal. Two weeks after the notice was sent, the District Court dismissed the appeal.
Relator then filed the instant petition for writ of habeas corpus with this Court. He alleged that the District Court denied him his right to a belated appeal by dismissing his cause for failure to produce a brief and a record, when in fact these things could not be produced since the trial transcript had been lost by the Dade authorities.
Having issued the writ and having received the required return, we are of the opinion that the writ should be discharged and the petition dismissed without prejudice. First, relator is not in the custody of the Sheriff of Metropolitan Dade County, the party to whom the writ is directed. Second, relator was required by the District Court to produce a brief and a record or in the alternative, to notify the Court that the matter was being diligently prosecuted. Note the words emphasized in relator’s communication from the Court set out above. The record submitted here is devoid of any suggestion that relator sought to inform the District Court of his difficulties with the lost transcript, or that he was attempting in any other way to reconstruct events at trial as a means of perfecting the appeal.
In our view, habeas corpus ought not be granted in this 'Court, under these circumstances, although such a petition might properly be entertained in the District Court.
The writ heretofore issued is discharged and the petition is dismissed without prejudice so that relator may file proceedings against the proper custodian while seeking a belated appeal under Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969).
It is so ordered.
ADKINS, BOYD, McCAIN and DE-KLE, JJ., concur.