LILES, Judge.
This case was originally assigned to me in November, 1972, with oral argument waived. The public defender filed notice of appeal following a jury trial in which appellant was convicted of robbery. Appellant’s counsel, relying on Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967), urged that there was nothing “which would arguably support an appeal.” As is customary, I reviewed the record and determined that there was no reversible error, either fundamental or otherwise, upon which a reversal could be based. I therefore recommended per cur-iam affirmance.
 Judge McNulty subsequently concurred in that conclusion and Judge Mann has finally concurred specially. It is to the special concurring opinion that I address my remarks. Judge Mann contends that in the trial the legality of the jury selection in Hillsborough County was challenged. This, of course, was not preserved as a point on appeal. He advises us that there is another case from Hillsborough County now before the Supreme Court of Florida contesting the system of jury selection as being unlawful. The record does not support this fact and I am not disposed to take judicial notice of what may or may not be pending before the supreme court. Neither am I persuaded in advance that the appellant should file for an appellate review pursuant to Baggett v. Wainwright, Fla. 1969, 229 So.2d 239.
It is not incumbent upon this court to advise appellants what and when they may appeal. I am not at this point predisposed to guarantee Hamilton an appeal under Baggett, supra. While it is true that Baggett provides for a full appeal when the State has in some manner thwarted a full appeal, it does not hold that every reversible error is fundamental nor does it hold that more than one full appeal is mandatory. The facts of Bag-gett, under a close examination, support a full appeal by a convicted defendant that has not previously had such an appeal. It speaks generally to that type of appellant, i. e., one not having previously had his case reviewed by an appellate court. It relies on Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, and other cases, for the proposition that an indigent defendant is constitutionally entitled to a stat,e-appointed counsel for the purpose of directly appealing a conviction. The Douglas decision applies retroactively to secure state-appointed counsel for appeal.
Whether or not the Supreme Court of Florida ultimately holds that the jury system is unlawful in Hillsborough County is pure conjecture, nor can I at this point hold that such a decision would be retroactive. But assuming that they may make such finding, I do not in this opinion concur that Baggett would afford appellant another full review by this court. To remain silent on the concurring opinion by Judge Mann might indicate that I, in some way, agree to the conclusion reached by him in that opinion.
Affirmed.
*721 McNULTY, J„ concurs.
MANN, C. J., concurs specially.