MANN, Chief Judge
(concurring specially) .
I concur in affirmance on the present record. I would point out, however, that in the trial court Hamilton’s counsel challenged the legality of jury selection in Hills-borough County. His appellate counsel did not pursue this question. However, it is being pursued in another case arising out of Hillsborough County, and if in that case the Supreme Court declares Hillsborough County juries to have been selected in an unlawful manner, Hamilton should then file for appellate review of this question pursuant to Baggett v. Wainwright, Fla.1969, 229 So.2d 239.
After the foregoing paragraph was written, Judge Liles wrote a full opinion to which I should respond with a fuller account of my reasoning.
Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, forbids our acting on a case in which arguable issues appear and are not argued by appointed counsel. I dissented at this threshold stage of consideration in Carmen v. State, Fla.App.1973, Case No. 72-235, opinion filed April 27, 1973, not yet published. Carmen’s arguable claim was peculiar to his case. In several other cases I have concurred specially on the ground which prompts my concurrence in Hamilton’s case: the arguable claim is elsewhere being argued, and the taxpayers are not needlessly burdened with the cost of reproducing a record in each of the cases arising out of Hillsborough County in which a challenge to the jury panel was made on the ground that the jury list is unconstitutionally compiled. This challenge rests upon State v. Silva, Fla.1972, 259 So.2d 153, and cases therein cited. See also Alexander v. Louisiana, 1972, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536. I do not consider it a trivial question. Once it has been raised in good faith, I think Hamilton’s trial counsel, diligent in perfecting the record below, rendered arguable in this court the correctness of the denial of his motion. Were I not certain that the matter is being pursued I would be compelled by Anders to dissent. I am advised, as Judge Liles was not, because he did not sit on the panel, that we had granted a stay in another case in this court until this question was resolved in the Supreme Court. The case in the Supreme Court, mentioned in my first paragraph, has been dismissed, but the one in this court remains. I think it an appropriate vehicle for the presentation of the claim that the jury was unconstitutionally selected. So must the Public Defender in Hillsborough County, because we have had a number of cases in which the motion is made and denied, with passing reference to the applicability of the question to a number of cases arising there.
To me it makes sense to determine the matter in a single case and apply it to all, so I concur with the brief caveat that our duty under Anders seems discharged on this condition. Otherwise there is no way of fulfilling our constitutional duty in a common sense way.
If others may have been misled by my brief first paragraph, I would make it clear that there is no error on the present record, fundamental or otherwise. There was none in Anders, and the Supreme Court of California was reversed for resolving the case without considering arguable merit in the appellant’s claim. I mentioned Baggett because I believe strongly that state judges should not leave loose ends lying around for federal judges to pick up, and I thought it prudent to suggest Baggett as an avenue of review open to Hamilton in the event his jury challenge is found to have merit.
As to fundamental error, I made no reference to it and intended none. We need not cross the bridge until we come to it, but a delayed appeal under Baggett is the same as any direct appeal in the scope of error reached by it. Nor did I intend to suggest that Hamilton is guaranteed an appeal by this court. He is guaranteed a right to appellate review by the Constitution, and so far that right is not fully com *722 plied with by our performance of duty. My reading of Anders persuades me that he should get it here, if arguable merit should come out of the collateral proceedings I referred to.
I quite agree that no more than one full appeal is mandatory. I simply cannot view as a full appeal one which leaves unargued a point which is being argued in good faith in this court, which is still an open question, and arguable on the face of the record before us.
As to retroactivity, that is a question irrelevant to this case. Hamilton’s trial counsel timely raised the issue, and his appellate counsel should have, but didn’t. It was treated with economy of time in the trial court, for sensible reasons. If my simple caveat were not based upon common sense and sound constitutional doctrine, fundamental error is the only type Hamilton could assert later. That makes it all the more clear to me that proper treatment of Hamilton’s appeal here is required by Anders.
My concurrence remains limited as stated.