ON APPELLANT’S MOTION TO DISMISS APPEAL
MANN, Chief Judge.
The many papers Lyden has filed in this court support his statement that he is not a lawyer and does not understand law. This is his second motion to dismiss his own appeal. We deny it, after a polite refusal to entertain the first one, because it shows on its face that it is founded on a gross misconception. He states that he is seeking relief in the United States District Court on a petition for habeas corpus and must dismiss this appeal in order to exhaust state remedies. In the meantime, the record is not being prepared and his cause *592 is being delayed, although this court is ready, willing and able to consider it. We conclude that an appellate court has no more right to grant such a motion as this as a trial judge would to receive a guilty plea involuntary on its face. When he filed the first motion, William A. Haddad, Esq., Clerk of this court, wrote him, at the Court’s direction, expressing doubt that a federal court would entertain a habeas petition after a voluntary dismissal. Lyden persisted, and to break the impasse we write this opinion.
Although Lyden’s appeal is taken from denial from a petition for post-conviction relief, cognizable in the trial court under CrPR 3.850, 33 F.S.A. one allegation in his motions before this court suggests a claim of ineffective appellate counsel, which would be cognizable in this court pursuant to Baggett v. Wainwright, Fla.1969, 229 So.2d 239. We treat the motion to dismiss alternatively as a Baggett petition for habeas corpus in order to deal with a claim which has enough superficial plausibility to mislead Lyden, though too little, we would hope, to mislead any of the able federal judiciary in Florida.
Lyden says that his counsel’s failure to argue orally his appeal violates Fla.Stat. § 924.31, F.S.A., which reads: “A judgment may be affirmed if the appellant fails to argue, but it shall not be reversed unless the appellant submits a written brief or makes oral argument.” Lyden conveniently overlooks “files a written brief or,” ignoring the excellent brief filed in this court in his behalf on his direct appeal. On the question of oral argument, Rule 3.-10(e) of the Florida Appellate Rules, 32 F.S.A. clearly permits dispensing with oral argument, and we customarily do so in most criminal cases because the public defenders and assistant attorneys general who argue here are kept inordinately busy by a large volume of appeals, many of which are frivolous. As to precedence between Fla.Stat. § 924.31 and Rule 3.10(e), we need say only that the statute is a plainly unconstitutional legislative intrusion into the realm of procedure committed exclusively to the Supreme Court, subject to legislative power to override by two-thirds vote. Florida Constitution Art. V, § 2, F. S.A. Therefore Lyden’s reliance on this statute is misplaced.
We decline to grant the petition, but do so without prejudice to Lyden’s right voluntarily to dismiss his appeal by a motion supported either by (1) an affidavit showing his understanding that dismissal is the end of the matter for this and all courts, or (2) an order of a federal court granting him leave to seek habeas corpus after voluntary dismissal. We do not think that cases are filed here simply to go through the motions on the way to the federal court house. We certainly do not regard these appeals lightly, though we confess a willingness to be relieved of the burden of considering Lyden’s claims if we are shown an understanding waiver of his right to appeal.
Motion denied.
BOARDMAN, J., concurs in result.
LILES, J., dissents, with opinion.