LILES, Judge
(dissenting).
I would dissent from the denial of the motion to dismiss Lyden’s appeal. While Lyden is not admitted to the Bar, he has labored with this appeal long enough for me to assume that he knows what he is doing when he asks for a dismissal. I would gladly grant him entrance to the federal court if he wants to be there. I do not concur in any of the majority opinion and particularly I would not recognize that Baggett v. Wainwright (Fla.1969), 229 So.2d 239, affords him an appeal because of “ineffective appellate counsel.” I do not construe Baggett as being anything but an opportunity for the appellant to appeal when the State has thwarted his right of appeal. This was not done in this instance and though he believes he had inef *593 fective counsel, the record does not support such and therefore I would not lead him into a false reliance upon Baggett.
It is my firm opinion that when Lyden or any other appellant moves to dismiss an appeal, it is most helpful to the unclutter-ing of this court’s docket and I would gladly oblige him by granting his motion so that he might pursue his remedies wherever he desires.