MANN, Chief Judge.
Pinkins’ contention that he did not know of his right to appeal and was deprived of appellate review through state action is shown by the record. The trial judge failed to advise Pinkins of his right to appeal, as required by Rule 3.670, CrPR, 33 F.S.A. What the transcript does show, however, is “that the trial judge carefully and with respect for Pinkins’ rights determined that his guilty plea was voluntary. Accordingly, we must determine that he is entitled to delayed appeal under Baggett v. Wainwright, Fla.1969, 229 So.2d 239 but *578 that such appeal would be subject to dismissal as frivolous unless there is something in the record as yet undisclosed and reachable on direct appeal rather than through petition for post-conviction relief under CrPR 3.850. We appoint the Honorable James Gardner, Public Defender for the Twelfth Circuit, as counsel for Pinkins and request that he respond to the rule issued herewith to show cause why the appeal should not be dismissed as frivolous and patently without merit. Should there be any point in proceeding further, we will discharge the rule; if not, the appeal will be dismissed on the court’s own motion.
Habeas corpus granted; appeal allowed; rule to show cause why appeal should not be summarily dismissed issued.
McNULTY and BOARDMAN, JJ., concur.