PER CURIAM.
When brought to trial on charges of rape, two assaults with intent to commit rape, aggravated assault and escape, the appellant-defendant offered a plea of nolo contendere which was accepted. Certain plea bargaining between the defendant and the prosecutor had taken place prior to the offer of plea, as a consequence of which, at the time the plea was entered the prosecutor announced to the court that the defendant was to be sentenced to life imprisonment on the rape charge and that sentences on the other charged offenses were to be served concurrently therewith. The sentences were imposed. Thereafter the defendant appealed, and contends that the judgment and sentence should be vacated, his pleas withdrawn, and that he be tried on not guilty pleas, for the reason that “the trial court erred in accepting the plea of nolo contendere without a full and adequate inquiry.”
The contention of the appellant is without merit on this record. His privately retained counsel informed the trial court that all of the defendant’s rights had been explained to him. The plea was offered after certain negotiations with the state attorney. The fact that the state attorney advised the court as to the agreement regarding sentences (with no objection thereto being voiced by defendant’s counsel) was sufficient indication of plea bargaining to such effect. The court inquired of the defendant and ascertained that the plea was being made without threats or promises, and received defendant’s assurance that he was satisfied with his counsel and with what was done.
The state points out, and properly so, that if, as indicated by the appellant’s brief, he now seeks to claim or assert facts inconsistent with or contrary to those shown or indicated by the record, the vehicle therefor is not appeal, but more appropriately a motion under Rule 3.850 CrPR 33 F.S.A.
No reversible error having been made to appear, the judgment and sentences are affirmed.