PER CURIAM.
Appellant, the defendant below, was charged by separate informations with grand larceny. When arraigned thereon he pleaded not guilty. Shortly after commencement of the trial of this case the defendant withdrew his not guilty plea and pleaded guilty. Thereupon trial under the other information proceeded, resulting in a conviction. Judgments of guilt were entered in the two cases, followed by a sentence of imprisonment for a term of three years in each case, with provision that the sentences be served concurrently.
By this delayed appeal in the case where the guilty plea was entered (Baggett v. Wainwright, Fla.1969, 229 So.2d 239) reversal of the judgment is sought on the contention that the record fails to show the guilty plea was knowingly and voluntarily made. At his trial, in which the defendant was represented by private counsel, the proceedings incident to the plea are reported as follows:
“Mr. Nicholas : Excuse me, your Hon- or. The defendant at this time desires to withdraw his plea of not guilty entered in this case and tenders to the Court his plea of guilty.
“Ife that right ?
“The defendant: Yeah. That’s guilty. I know him.
“The Court: Waive voir dire?
“Mr. Nicholas: Yes.
“The Court: Okay. Now, what is the story in 72-3761 ?”
The appellant suggests it appears from the record the guilty plea was accepted by the court without compliance with Rule 3.-170(j) CrPR, 33 F.S.A.[1] While the record shows absence of inquiry into the matter such as would satisfy the requirements of the rule, the record indicates inquiry was dispensed with because it was waived by the appellant’s attorney.
Due to the impbrtance of the procedure outlined in the rule, in order for there to be due process of law upon the making of a plea of guilty and its acceptance by the court (Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274) the certainty or the uncertainty as to whether the guilty plea was knowingly and voluntarily made prompts further inquiry therein, but, as held by this court in Chase v. State, Fla. App.1973, 284 So.2d 459, the vehicle for seeking relief in such instance is not by *132 appeal, but more appropriately by the filing of a motion in the trial court under Rule 3.850 CrPR.
The judgment is affirmed, without prejudice to the appellant to use of the alternative procedure referred to above.
It is so ordered.

. “Xo plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court, with means of recording the proceedings stenographically or by mechanical means, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its volun-tariness, and that there is a factual basis for the plea of guilty.
“A complete record of the proceedings at which a defendant pleads shall be kept by the court.”