MANN, Chief Judge.
It is often said that every citizen is entitled to his day in court. That is an understatement. Every citizen is entitled to two days in court. Under Article V of the Constitution of Florida, F.S.A., an appeal as of right may be taken from every judgment. Lee Pinkins is no exception. Pinkins has a right of appeal. Pinkins’ problem is that he has no grounds for appeal.
In our earlier order, Pinkins v. Wainwright, Fla.App.2d 1973, 283 So.2d 577, we acknowledged that the petition filed herein seeking delayed appellate review under Baggett v. Wainwright, Fla.1969, 229 So.2d 239 was well taken in that the trial court had indeed failed to advise Pinkins of his right to appeal and that he had been deprived of that right through state action. We pointed out in that opinion, however, that the same documents on which that determination was made disclosed that all of Pinkins’ constitutional rights had been respected in the reception of his plea of guilty. Consequently, we granted the writ of habeas corpus and simultaneously issued a rule to show cause why the appeal thus initiated on Pinkins’ behalf should not be dismissed as frivolous. The Public Defender for the Twelfth Judicial Circuit filed a brief asserting that there was indeed no arguable merit in Pinkins’ appeal. Now we have a document filed by Pinkins himself, in accordance with our order allowing him ample time to do so, which reiterates his right to an appeal. We hope that this opinion makes it plain that Pink-ins has a right of appeal, that we have acknowledged it and that this appeal is it. We are, however, dismissing Pinkins’ appeal as being totally without merit because the record conclusively establishes that he has no grounds whatever for reversal of his conviction. See, Steinhauser v. State, Fla.App.2d 1969, 228 So.2d 446.
No good cause having been shown why the appeal should not be dismissed as frivolous, the rule to show cause is made absolute and this appeal stands dismissed.
McNULTY and BOARDMAN, JJ., concur.