PER CURIAM.
After his conviction for assault with intent to commit second degree murder, appellant wrote a letter to the trial court in which he stated that he wished to appeal and asked that the court appoint counsel for that purpose. The court treated the letter as a timely notice of appeal and appointed the public defender for the Tenth Circuit to act as appellate counsel. However, the appeal was neither docketed in the trial court nor in this court. Appellant’s counsel filed a motion to withdraw, which the trial court subsequently granted.
Some time later, appellant filed a petition for a writ of habeas corpus in the trial court alleging that his right to appeal had been frustrated by state action. He also made other allegations which we need not consider here. The trial court treated the petition as a motion for postconviction relief and denied it.
We cannot say that the trial court erred in denying appellant’s petition. A defendant seeking a belated appeal by way of habeas corpus should file his petition in the district court of appeal which would have jurisdiction over the appeal. Baggett v. Wainwright, 229 So.2d 239 (Fla.1969). Moreover, a trial court does not have the power to grant a belated appeal. State v. Wooden, 246 So.2d 755 (Fla.1971).
We do believe, however, that the better procedure would have been for the trial court to transfer appellant’s petition to this court. See Baggett v. Wainwright, supra.[1] Accordingly, we retain jurisdiction of this case and treat appellant’s petition as if he had originally filed it here.
*929 We think that the undisputed facts in the record which we have set out above clearly demonstrate that appellant’s right to appeal was frustrated by state action and that consequently he is entitled to a belated appeal.
Accordingly, we grant the petition for habeas corpus and give appellant the opportunity for full appellate review by this court of the judgment and sentence dated November 18,1975. As it appears from the record that appellant is insolvent, we appoint the public defender for the Tenth Judicial Circuit for Polk County, Florida, to conduct the appeal. All computations of time under the appellate rules shall commence from the date of this opinion.
HOBSON, Acting C. J., and RYDER and DANAHY, JJ., concur.

. Both the 1962 and 1977 versions of Florida’s appellate rules also lend support to this solution. See Fla.App.R. 2.1(a)(5)(a) (1962); Fla.R.App.P. 9.040(b) (1977).