PER CURIAM.
Eddie Diggs appeals an order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand.
In his Rule 3.850 motion, appellant alleged, inter alia, that he was denied effective assistance of counsel as a result of his attorney’s decision at the outset of trial to stipulate to the state’s oral motion in limine to not inquire of Tampa Police Officer Dana L. Singer, a chief witness for the prosecution, regarding a disciplinary matter which may have damaged Singer’s credibility. Such claim, if true, might entitle appellant to relief. However, the court below neither held an evidentiary hearing with respect to this allegation nor attached to its summary order portions of the record below which conclusively refute the allegation.
Accordingly, we reverse in part the order summarily denying appellant’s Rule 3.850 motion and remand with instructions that the court below either summarily deny the motion again as to the aforementioned allegation and, if so, attach portions of the record below which conclusively demonstrate that appellant is not entitled to relief with respect to that allegation, or, if the record does not definitely refute the allegation, conduct an evidentiary hearing in order to determine whether he is entitled to relief as to the allegation. In all other *657 respects we affirm. In order to obtain any further review of any subsequent ruling of the court below, the aggrieved party must appeal anew.
AFFIRMED in PART, REVERSED in PART, and REMANDED.
HOBSON, A.C.J., and RYDER and CAMPBELL, JJ., concur.