OTT, Acting Chief Judge.
Appellant appeals the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons stated below, we reverse and remand to the trial court with instructions.
In 1983, appellant filed a rule 3.850 motion with the trial court, which was summarily denied. Appellant timely appealed to this court, which found:
In his Rule 3.850 motion, appellant alleged, inter alia, that he was denied effective assistance of counsel as a result of his attorney’s decision at the outset of trial to stipulate to the state’s oral motion in limine to not inquire of [a Tampa police officer’s] credibility. Such claim, if true, might entitle appellant to relief.
Diggs v. State, 440 So.2d 656 (Fla. 2d DCA 1983). Accordingly, we reversed the summary denial of appellant’s motion and remanded to the trial court with the usual instructions.
On remand, the trial court again denied appellant’s motion.[1] In its order, which stated that the motion was “heard” on March 7, 1984, the trial court entered findings in support of denial of the motion. Appellant filed a delayed appeal which this court granted pursuant to Baggett v. Wainwright, 229 So.2d 239 (Fla.1970).
*390 We have reviewed the record and find no indication that an evidentiary hearing was ever held on appellant’s motion. Further, the trial court’s order denying appellant’s motion failed to include portions of the record which demonstrate that appellant is not entitled to relief. Accordingly, we again reverse the order denying appellant’s motion and remand to the trial court with instructions to either summarily deny the motion and, if so, attach portions of the record below which conclusively demonstrate that appellant is not entitled to relief, or, if the record does not definitely refute the allegation, conduct an evidentia-ry hearing in order to determine whether he is entitled to relief. In order to obtain any further review of any subsequent ruling of the court below, the aggrieved party must appeal anew.
REVERSED and REMANDED.
SCHOONOVER and HALL, JJ., concur.

. On remand, appellant’s case was not assigned to the original trial judge.