ANTOON, Judge.
In this delinquency case, P.M.W. petitions this court for a writ of habeas corpus seeking a belated appeal because his appellate counsel failed to file an initial brief. We grant the petition, reinstate the appeal, and authorize new counsel thirty (30) days to file an initial brief.
On August 15, 1994, P.M.W.’s prior counsel filed a timely notice of appeal. On December 9, 1994, he filed an untimely motion to extend the time for filing the initial brief which was “denied. On January 31, 1995, after issuance of an order to show cause why the appeal should not be dismissed, counsel again filed a motion for extension of time. The motion was granted and defendant was given until March 31, 1995 to file the initial brief. The extended deadline expired, and with no brief having been filed, this court dismissed the appeal.
Through new counsel, P.M.W. argues that prior counsel’s failure to file an initial brief resulting in dismissal of his direct appeal constitutes ineffective assistance of counsel. He argues that the prejudice prong of the two-part test for evaluating substandard attorney performance set forth in Strickland v. Washington, 466 U.S. 668, 680, 104 S.Ct. 2052, 2060-61, 80 L.Ed.2d 674 (1984), is satisfied as a matter of law. We agree.
Upon P.M.W.’s request, appellate counsel had a duty to file a notice of appeal and a timely initial brief setting forth P.M.W.’s case on appeal. The attorney’s failure caused the appeal to be dismissed and constitutes ineffective assistance of counsel. Rooney v. State, 632 So.2d 212 (Fla. 5th DCA 1994). In a criminal case, when the substandard performance of counsel is the cause of the dismissal of an appeal depriving the defendant of appellate review, the prejudice prong is satisfied. Under these circumstances, it is not necessary to establish the possibility of success on the merits. See Baggett v. Wainwright, 229 So.2d 239 (Fla.1969).
We grant the petition, reinstate appeal no. 94-1903, and direct counsel for P.M.W. to file an initial brief within thirty (30) days of receipt of the mandate from this court.
PETITION GRANTED; WRIT ISSUED; CAUSE REMANDED.
GRIFFIN and THOMPSON, JJ., concur.